THE STATE on the relation of the BOARD OF COMMISSIONERS OF DAVIESS COUNTY *v.* CLARK and Others.

The filing of a declaration is not the commencement of a suit.

It is the general rule, in this state, that the limitation law in force at the commencement of an action, governs the action; but the rule is so far modified that as to causes of action existing at the passage of the law, a reasonable time must be allowed for instituting suit, and that in cases where previously there was no limitation, and the whole time allowed by the statute had expired at its passage, it does not apply till the time allowed by the statute has run.

*Thursday,
May* 29.

APPEAL from the *Daviess* Circuit Court.

PERKINS, J.—Debt, upon the bond of a surplus revenue agent, against the sureties of the principal.

The declaration was filed in 1850, but the cause does not appear to have been docketed, as no continuance from term to term appears. It does not appear that any writ was issued. An entry shows that the defendants appeared at the *February* term, 1855, and subsequently answered, averring, among other paragraphs, "that the cause of action (if any) herein sued on, did not accrue at any time within three years next preceding the time of bringing this action."

To this the plaintiff demurred, assigning for cause that it contained no matter constituting a defence. The Court overruled the demurrer, the plaintiff refused to proceed further, and the Court gave final judgment for the defendants.

By the record, the suit must be taken to have been commenced on the appearance of the defendants, in 1855. The filing of a declaration is not the commencement of the suit, and no step appears to have been taken in this case to make adversary parties. 2 R. S., p. 35, s. 34. The suit, then, was commenced under the statutes of 1852, and must be governed by them, so far as they may be applicable. Those statutes provide that suits on the official bonds of public officers, shall be brought within three years after breach. Vol. 2, p. 75, s. 211. The declaration in this

case shows the breach (if, indeed, it shows any at all) to have occurred in 1840.

Here, then, we have—

1. A cause of action accruing in 1840.

2. A statute passed in 1852, in force *May*, 1853, thirteen years after the accruing of the cause of action, requiring suit to be commenced on such cause in three years from its accruing, and not afterwards.

3. A suit commenced fifteen years after the cause of action accrued, and two years after a three years' limitation law in force.

It is the general rule, in this state, that the limitation law in force at the commencement of an action, governs that action. *Winston* v. *Mc Cormick*, 1 Ind. R. 56.

This rule is modified so far that, in relation to causes of action existing at the passage of the law, a reasonable time must be allowed for instituting suit; *Pritchard* v. *Spencer*, 2 Ind. R. 486; and that, to cases where there was previously no limitation, and the whole time allowed by the statute has expired at its passage, it does not apply till the time allowed by the statute has run. *The State* v. *Swope*, *ante*, p. 91.—*Murray* v. *Gibson*, 15 How. (U. S.) R. 421.

The judgment will be reversed with costs. Cause remanded for further proceedings, with leave to both parties to amend, &c.

We shall not examine into the validity of the declaration. No demurrer was filed, and we decide upon the case as the law stood when it was tried.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, with leave to both parties to amend their pleadings, &c.

*S. Judah*, for the state.

*D. McDonald*, for the appellees.