MARY E. POWER ET AL. *v.* R. C. TELFORD ET AL.

1. REPLEVIN. *Limitation of actions.  Effect of Code of 1880 on pre-existing rights of action.*

The Code of 1880, in limiting the time in which an action of replevin may be brought to six years next after the accrual of the right of action, had the effect of extending the limitation as to pre-existing causes of action from one year, as prescribed in the Code of 1871, to six years, from the time the right of action accrued, in all cases where detinue, trover, or any other action might have been brought at the time that Code became operative.

2. LIMITATION OF ACTIONS. *Lost remedies restored.  Legislative power.*

It is not within the power of the Legislature to so alter a Statute of Limitations as to divest a perfect title to property acquired by limitation; but as long as there remains to the owner any remedy for the recovery, it is competent for the Legislature to give him additional remedies or to restore old ones lost by lapse of time.

3. REPLEVIN. *Property received in exchange.*
   Replevin cannot be maintained for a horse received by the defendant in
   exchange for one belonging to the plaintiff.

APPEAL from the Circuit Court of Lee County.

Hon. J. W. BUCHANAN, Judge.

In 1870, there was set apart to Mary A. Duckworth, as the widow of J. J. Duckworth, deceased, and his two children by a former wife, as exempt property, a lot of personalty, consisting of household and kitchen furniture, farming utensils, horses, cows, hogs, etc. On the 15th of September, 1874, Mary A. Duckworth married again. In March, 1881, she died. On the fifteenth day of August, 1881, the two children of J. J. Duckworth, deceased, now Mary E. Power and Julia A. Ligon, brought this action of replevin against R. C. Telford and Sarah Telford, to recover the property in controversy, which they claimed as the property set apart as above stated. Certain property in the possession of the defendants, including a sorrel mare and a gray horse, were seized under the writ of replevin. The defendants resisted the action ; and the case was tried, and verdict and judgment were rendered in their favor. Thereupon the plaintiffs appealed. The court gave for the defendants an instruction (No. 1) in the following language : "The court charges the jury, that if they believe from the evidence that Mr. Duckworth died in 1870, and that Mrs. Duckworth married in 1874, and that she had possession of this property, and that plaintiffs did not bring their action within one year after her marriage, then the jury must find for defendants, even though the jury may be satisfied that the property is the plaintiffs'." The defendants made no defence on the six years Statute of Limitations. A supplemental statement of the facts of the case will be found in the opinion of the court.

*Reuben Davis,* for the appellants.

1. Can it be the law that a trustee can exchange trust-funds and thus make the consideration received his individual property? If trust-funds be invested in property, the *cestui qu*

*trust* may claim the beneficial interest in the property, or he may claim an equity upon the property for the money. *Wood* v. *Stafford*, 50 Miss. 370; *Isam* v. *First National Bank*, 52 Miss. 902; *Morrison* v. *Kinstra*, 55 Miss. 71; *McLean* v. *First National Bank*, 42 Miss. 99. Joint tenants or joint owners have not greater powers. The second charge given by the court, at the request of appellees, violates the rule most positively asserted above. The charge is, the jury will find for the defendants so far as the mare in controversy is concerned. For what reason shall the jury so find? None is given, and under the charge their discretion is suspended entirely. Whereupon, I suppose the answer is, the mare is, in legal contemplation, the property of Mrs. Duckworth. The facts which constitute her title have been passed on by the court and the court arbitrarily finds the title for her, and withdraws her from the ligitation, and then instructs the jury they must find as directed. The third charge applies to the fact that the gray horse, which was also swapped for by Mrs. Duckworth, she using the property and the proceeds of property which had been set apart for the family. And the charge is obnoxious to the reasons I have given to show that the second charge was wrong.

2. Counsel in the court below asserted that the statutes begin to run in this case from the marriage of the widow, and that that event happened in 1874. The absolute ownership did invest in these plaintiffs at that time. Statutes of Limitation do not begin from the date of the accrual of the right of action, but always from the date of the union of the right of action and capacity to sue. Now, there is no testimony which fixes the ages of maturity or marriage of these plaintiffs, and if it were a case where the statute could run, the want of proof as to ages of the plaintiffs and dates of marriage renders it impossible to determine when the statute should begin. It is not shown by the testimony that the plaintiffs were not living with Mrs. Duckworth at the date of her marriage, and for a great while after the marriage. The

title descended to the widow for the use of herself and children. The marriage put an end to her rights in the property, and thus the possession and use which was before joint, thereafter was restricted to the children, and if it was allowed to remain at the same place and apparently under the same general control, it would not create such an adverse possession as to put the Statute of Limitation in motion.

*Lacey & Baskin*, for the appellees.

Upon the death of Duckworth his estate descended to his widow and children. Acts 1865, p. 138, sect. 3; 43 Miss. 532. When Mrs. Duckworth remarried, in 1874, she forfeited her right to the property set aside to her upon the death of Duckworth, and appellant's right of action accrued. The appellants cannot avail themselves of any exceptions under the general Statute of Limitations because they have not, by proof, brought themselves within any of those exceptions. Replevin is a statute *sui generis.* 57 Miss. 590. Where no exceptions are made in the statute there are none. 56 Miss. 17; *Summers* v. *Brady*, 53 Miss. 655. After the lapse of one year from the remarriage of Mrs. Duckworth, she acquired a prescriptive title to the property in her possession. Limitation, or prescription, is one means of acquiring title, and where it once vests, no subsequent legislation can impair it. 1 How. (Miss.) 183; 47 Miss. 435; 52 Miss. 487; 54 Miss. 740. The gray horse in controversy was purchased by Mrs Duckworth, and formed part of her separate property. The legal title to the mare never vested in the estate of Duckworth. The widow of Duckworth, then Mrs. Smith, traded property of the Duckworth estate for the mare in controversy. This did not vest title in the estate, nor was the estate divested of the property parted with by Mrs. Smith in exchange for the mare. 53 Miss. 596. The heirs of the estate could follow the property of the estate and recover it from any holder. They might have sued Mrs. Smith. There were several remedies open to them, but they could not proceed *in rem* against the mare because she did not at any time form

part of the estate of Duckworth.    50 Miss. 370 ; 52 Miss. 902 ; 55 Miss. 71.

CHALMERS, J., delivered the opinion of the court.

Certain property was set apart, in 1870, as exempt to the widow and children of one Duckworth, under and by virtue of the exemption act of 1865.

The widow married again, in 1874, and thereby, under the statute referred to, lost her interest in the property, which became exclusively the property of the children.   *Hardin* v. *Osborn*, 43 Miss. 532.    They brought this suit for it in 1881, and the court below charged that they could not maintain the action because more than one year had intervened between the accrual of their exclusive right and the bringing of the suit.    This was erroneous.    Under the Code of 1880 there is no special statute of limitation governing the action of re-plevin, and it is barred only by the same lapse of time that bars other suits for the recovery of personal property, that is to say, by six years.    It is true that more than one year inter-vened between the accrual of plaintiffs' right and the change in the law by the adoption of the Code of 1880 ; but this does not affect the result.   While it is not competent for the Legisla-ture to so alter a statute of limitation as to divest a title ac-quired and made perfect under a pre-existing statute, this is only so where some right of property has been acquired under the pre-existing law, or where all remedies of every sort have become barred at and before the adoption of the new statute. A party in possession of property may acquire a vested right in it by flow of time, but he can never acquire a vested right in or against any particular remedy.    So long, therefore, as there remains to the owner any form of action by which the possession of the defendant may be divested, he has acquired no title, and no right of property.

This being so, it is entirely competent for the Legislature to give the true owner additional remedies, or to restore to him an old one which has been lost by time.    Until the possessor

has obtained either title or immunity from all suit, the whole
subject of remedies rests within legislative will and may be
varied at pleasure.   Cooley on Const. Lim. 361.

The widow, in the case at bar, held the property in ques-
tion for more than one year under the Code of 1871, and so
long as that Code remained in force could not have been pro-
ceeded against by action of replevin, but she was always lia-
ble to deprivation of that possession by detinue or trover.
Until the period of limitation against these and all other rem-
edies had expired, it was entirely competent for the Legisla-
ture to extend the period of limitation for the action of
replevin, and this it did by the Code of 1880.   The instruction
was incorrect and should have been refused.

Two of the horses seized under the writ of replevin had
been received by the widow in exchange for two of those which
came to her hands from the estate of the deceased husband,
and these the court correctly instructed the jury, could not
be recovered in replevin.   Property which has undergone a
change of form in the hands of the defendant may be recov-
ered by the true owner only so long as it remains substan-
tially the same, and the court is able to say that the one
article is composed of the material of the other ; but replevin is
never maintainable where there has been a complete change of
articles, so that there no longer remains any identity.   In such
a case, the party aggrieved must resort to his action for dam-
ages, or other appropriate remedy.   Wells on Replev., sect.
213, *et seq.; Silsbury* v. *McCoon,* 3 N. Y. 379.

Reversed and remanded.