## DAVID ODUM ET AL. v. MATILDA GARNER ET AL.

### No. 90.

**1. Time within which Writ of Error May be Sued Out.**

The Act of April 13, 1892, chapter 17, Laws of Twenty-second Legislature, page 43, prescribing that writs of error from judgments in the District and County Courts, in cases where the same is allowed, may be sued out at any time within twelve months after the final judgment is rendered, and not thereafter, applies to judgments rendered before that law took effect.................................................. 377

**2. Construction of Statute.**

Our courts have adopted the rule, that upon the adoption of a new term of limitation. the time which elapsed under the former law will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed upon the basis of the ratio that the unexpired time under the old law bears to the whole time. Rule in Gautier v. Franklin, 1 Texas, 732 ....................................... 378

QUESTIONS CERTIFIED from Court of Civil Appeals for First District, in a case from Orange County.

*Scott, Levi & Smith*, for plaintiffs in error.—We beg to submit the following remarks for the consideration of the court:

The case of Gautier v. Franklin, we respectfully suggest, is not applicable to the point raised in this case, and ought not therefore to be considered as authority.

Our State Constitution provides that no retroactive laws shall be made. This language has been considered by Judge Stayton in the case of

Mellinger v. City of Houston, 68 Texas, where the following construction appears to be given it: "The making of it (the declaration in the Constitution that 'no retroactive law shall be made') evidences an intention to place a further restriction on the power of the Legislature, and it must be held to protect every right, even though not strictly a right to property, which may accrue under existing laws prior to the passage of any act which, if permitted a retroactive effect, would take away the right. A right has been well defined to be a well founded claim, and a well founded claim means nothing more nor less than a claim recognized or secured by law.

"Rights which pertain to persons, other than such as are termed natural rights, are essentially the creatures of municipal law, written or unwritten, and it must necessarily be held that a right, in a legal sense, exists when in consequence of given facts the law declares that one person is entitled to enforce against another a claim, or to resist the enforcement of a claim urged by another. * * *

"When, however, such a state of facts exists as the law declares shall entitle a plaintiff to relief in a court of justice on a claim which he makes against another, or as it declares shall operate in favor of a defendant as a defense against a claim made against him, then it must be said that a right exists, has become fixed or vested, and is beyond the reach of retroactive legislation, if there be a constitutional prohibition of such laws. This, so far as we have been able to ascertain, has been the ruling in every State in this Union which has a constitutional provision in terms forbidding retroactive laws, in which any ruling upon the question has been made."

Moreover, we do not conceive that a law of limitation can be passed affecting remedies which existed under an old law, without giving the party whose rights are thus affected a reasonable time between the passage of such act and the time when such rights or remedies will be barred under the new law.

This seems to be the effect of the case of Koshkonong v. Burton, 104 United States, 668, where it is held that the Legislature has the constitutional power to provide that existing causes of action shall be barred unless suits be brought to enforce them within a period shorter than that period prescribed when they arose, if a reasonable time be given before the bar takes effect.

Again, in Terry v. Anderson, 95 United States, 628, it is held that an enactment reducing the time for bringing actions on existing claims of a certain class does not impair the obligations of a contract if a reasonable time is given; as, for instance, nine months, when the circumstances seem to justify the legislative action, and the time appears sufficient to enable creditors to elect whether to enforce their claims or abandon them.

The correct rule seems to be, that in modes of proceeding and of forms

to enforce the contract the Legislature has the control, and may enlarge, limit, or alter them, provided that it does not deny or so embarrass it with conditions and restrictions as seriously to impair the value of the right. Bronson v. Kinzie, 1 How., 311. This last case is quoted with approval in the case of Mellinger v. City of Houston, supra.

If the contention of the defendants in error be correct, then the time within which the writ of error in this case could be sued out expired " on or before October 1, 1892." The act limiting the time did not become effective until September 1, 1892, and under their theory plaintiffs in error had only one month within which to file their writ of error. Why the date October 1 was fixed we do not understand. We do not understand how any such effect can be given to the law of September 1, 1892, and do not believe the Legislature ever intended it should have that effect. If our right to a writ of error was affected by the passage of the act, it certainly could not have been barred until twelve months after the law took effect, and we submit this is the fullest effect the court can give it.

BROWN, ASSOCIATE JUSTICE.—The Court of Civil Appeals has certified to this court the following statement and question:

"Judgment was rendered in the District Court of Orange County on the 23rd day of October, 1890, and the motion for new trial was overruled on the 27th day of October, 1890. The petition for writ of error was filed on the 8th day of October, 1892. Motion to dismiss writ of error because not sued out within one year from the date of the rendition of the judgment.

" If it be held that the Act of the Legislature approved April 13, 1892, to take effect September 1, 1892, amending article 1389 of the Revised Statutes, does not apply to judgments rendered before the law took effect, it will leave the old law still in force, with its exception as to infants, married women, etc., as to a large number of judgments.

" If the rule made in Gautier v. Franklin is adopted, the petition was filed too late. We certify for the decision of the Supreme Court the question, Ought the motion to dismiss be sustained ?"

The submission embraces two questions:

First. Does the law of April 13, 1892, amending article 1389, apply to judgments rendered before the law took effect?

Second. If it does, then what period of time should be held to bar the right to a writ of error from a judgment rendered before the time that the new law went into effect?

It is not denied by counsel for plaintiff in error that the Legislature had the power to enact a law prescribing for judgments rendered before its passage a shorter time within which to sue out the writ than there was prescribed at the time of their rendition. But it is claimed that the law of April 13, 1892, does not apply to judgments of prior date. The rea-

son is not made very clearly, but it seems to be that sufficient time was not allowed to prosecute the writ.

The case of Mellinger v. City of Houston is cited in support of the proposition. In that case the Legislature enacted a law, that delinquent tax payers should not be permitted to plead limitation against a suit for the taxes. Mellinger was sued, and pleaded limitation, the bar being complete before the law was passed. The court held that the Legislature did not intend that the law should apply to cases in which the bar was complete; but if it did not so intend, the law would be unconstitutional, because defendant's right in a discharge by lapse of time was a vested right. In this case there was no such question. The time for suing out the writ had not expired when this law was enacted, and if it had so expired then the right would have expired with it. The case cited is not in point, and the principle therein announced does not apply in this case.

The constitutional amendment adopted in 1891 changed the judicial system of this State so that the old law was wholly inapplicable. Under the old law a writ of error would have been taken to the Supreme Court, but at the time the writ in this case was sued out the Supreme Court could not have entertained jurisdiction of the cause. It certainly was the intention of the Legislature to adapt the law to the new system; and in doing so the time within which writs of error were required to be sued out was also changed. The effect of the amendment was to efface the former law and substitute the new for all judgments.

The act amending article 1389 was approved April 13, 1892, and was made to take effect September 1, 1892, four months and eighteen days after it was passed. The time when the law should take effect was doubtless postponed so as to give opportunity to file the petitions in cases wherein judgments had been rendered, as well as for other reasons. Eaton v. Supervisors, 40 Wis., 68. Plaintiff could have filed his petition at any time prior to the date when the law took effect. The time allowed was reasonable.

The general rule as to the statutes of limitation, where a different period is substituted, is, that the new law applies provided that reasonable time is given within which to prosecute the claim. Parker v. Buckner, 67 Texas, 20; Wood on Lim. Act., sec. 12; Howell v. Howell, 15 Wis., 57; The State v. Clark, 7 Ind., 468; Parker v. Kane, 4 Wis., 1; Gilman v. Cutts, 26 Mich., 376.

Our Supreme Court has adopted the rule, that upon the substitution of a new term of limitation, the time which elapsed under the former law will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed upon the basis of the ratio that the unexpired time under the old law bears to the whole time. That is, that if under the old law two-thirds of the time had expired, then one-third of the new law would be allowed within which to sue. Gautier v. Franklin,

1 Texas, 732. The same rules should be applied in construing this statute as in construing statutes of limitation of actions. Wade on Retroactive Law, sec. 232; Howell v. Howell, 15 Wis., 57; 23 Am. and Eng. Encycl. of Law, 450. Applying this rule, plaintiff in error had less than two months time remaining under the former law at the time that the new law took effect, which would have been about one-twelfth of the two years; and giving him the benefit of the same proportion of the new law, he had about one month after it took effect, or to the 1st of October, to file his petition.

The motion to dismiss should be sustained.

Delivered January 29, 1894.