### McCUTCHEON & CHURCH et al. v. SMITH.
### (No. 7668.)

(Court of Civil Appeals of Texas. Dallas. March 31, 1917. Rehearing Denied May 5, 1917.)

1. CONSTITUTIONAL LAW ⟐186 — RETROACTIVE LAWS.

The Legislature has no authority to enact retroactive laws which affect citizen's rights of any character.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 526–529.]

2. CONSTITUTIONAL LAW ⟐107 — LIMITATIONS—RETROACTIVE LAWS.

In enacting statutes of limitation the Legislature cannot destroy a right which one person is entitled to enforce against another which exists in consequence of given facts, or the right which one person has to resist enforcement of a claim urged by another in consequence of given facts.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 246–251.]

3. CONSTITUTIONAL LAW ⟐26 — GRANT OR LIMITATION OF POWER — STATE CONSTITUTION.

The authority to legislate on any subject not expressly or by necessary implication denied by Constitution is lodged with the Legislature.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 30.]

4. CONSTITUTIONAL LAW ⟐106 — POWER TO CHANGE REMEDIES FOR EXISTING RIGHTS.

The Legislature may, because that authority is not denied it, change, modify, abolish, and establish new remedies for existing rights because

---

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes.

the citizen has no vested right in the procedure by which his rights may be enforced, except that his remedy may not be altogether taken away or unreasonably incumbered so as to render it useless or impracticable, or to give an action where none existed.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 186, 212, 238–245, 252–257, 259.]

5. LIMITATION OF ACTIONS ⬥⟹6(5)—RETROACTIVE OPERATION—VENDOR'S LIEN.

Where statutes of limitation (Rev. St. 1911, arts. 5694 and 5695) as amended July 12, 1913 (Acts 33d Leg. c. 123 [Vernon's Sayles' Ann. Civ. St. 1914, arts. 5693–5695]), and November 19, 1913 (Acts 33d Leg. [1st Called Sess.] c. 27 [Vernon's Sayles' Ann. Civ. St. 1914, art. 5695]), relating to vendor's liens, in connection with article 5688, relating to written contracts, at no time left defendant completely without remedy, but permitted him to either foreclose his vendor's lien or recover land by virtue of superior title retained in deed, plaintiffs, who were grantees of defendant's purchaser, never acquired a vested right by which because of a given state of facts, they could have resisted enforcement of defendant's rights, and in action to cancel lien a judgment sustaining the lien was proper.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 20.]

6. CONSTITUTIONAL LAW ⬥⟹107 — RETROACTIVE OPERATION—"VESTED RIGHT."

A right cannot be considered as vested in relation to retroactive operation of statute of limitations unless it is something more than a mere expectation as may be based on an anticipated continuance of the present general laws; it must have become a title legal or equitable to the present or future enjoyment of exemption of a demand made by another.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. §§ 246–251.]

For other definitions, see Words and Phrases, First and Second Series, Vested Right.]

7. LIMITATION OF ACTIONS ⬥⟹165 — RIGHTS UNDER—WHEN ACQUIRED.

There can be no right gained in the running of statute of limitations until the prescribed period is complete.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 649.]

8. LIMITATION OF ACTIONS ⬥⟹6(11)—COMPUTATION OF PERIOD—CHANGE OF LAW.

The rule that, when a new period of limitation is substituted, the time which elapsed under the repealed law will be counted against the demand in the ratio it bears to the whole period, and the time under the new law will be computed on the basis of the ratio that the unexpired term the old law bears to the whole time, does not apply where the statutes prescribe precise rules leaving nothing open for construction.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 31.]

9. STATUTES ⬥⟹176 — CONSTRUCTION — JUDICIAL AUTHORITY OF COURT.

Where a law is constitutional, the courts cannot change the plain and unambiguous meaning of the language by writing therein a rule at variance with the law itself.

[Ed. Note.—For other cases, see Statutes, Cent. Dig. § 255.]

Appeal from District Court, Rains County; Wm. Pierson, Judge.

Suit by McCutcheon & Church and others against Ben O. Smith. Judgment for defendant, and plaintiffs appeal. Affirmed.

W. D. Cardwell, of Dallas, for appellants. Copps, Cantey, Hanger & Short, of Ft. Worth, for appellee.

RASBURY, J. Appellants sued appellee to cancel the vendor's contract lien retained in a conveyance by appellee to Mary Todd, securing the payment of a series of promissory notes executed in part payment of 737½ acres of land in Rains county, of which appellants at the time were the owners in fee simple, on the ground that the notes were barred by the statutory period of limitation, as was also his right to recover the superior title to the land, but all of which constituted a cloud upon appellants' title. All issues presented in appellee's brief were amply pleaded below, because of which it will not be necessary to detail same here.

There was trial without jury, whereat judgment was rendered for appellee ascertaining the amount of appellee's debt, but rendering no personal judgment therefor against Mrs. Todd, establishing his lien on the land against all parties, and directing the issuance of proper process for its sale in satisfaction of the debt. From such judgment this appeal is taken.

The facts found by the court and those apparent of record necessary to be stated in considering the issues presented are these: On December 27, 1905, appellee Ben O. Smith, in consideration of $3,687.50, conveyed to Mrs. Mary Todd 737½ acres of land in Rains county. Of the consideration $487.50 was cash, the balance being represented by five promissory notes, all dated December 27, 1905, one for $500, due one year from date, and four each for $675, due respectively in two, three, four, and five years from date. The conveyance and each note retained the vendor's lien upon the land to secure payment of the unpaid purchase price. Each of said notes provided that in the event same were placed with attorneys or sued upon 10 per cent. of the amount of the principal and interest should be added as attorney's fees. On July 16, 1915, Mrs. Mary Todd conveyed to appellants McCutcheon & Church an undivided one-seventh interest and to Wm. F. Todd an undivided six-sevenths interest in said land. On August 5, 1915, appellants McCutcheon & Church and Wm. F. Todd sued appellee for the relief stated. Appellee on October 15, 1915, answered, and by cross-action interpleaded his vendee, Mrs. Mary Todd, praying as against all parties for the recovery of the land and cancellation of the deed to Mary Todd, and in the alternative for judgment against Mary Todd on his notes, with foreclosure of his lien for the full amount thereof against Mary Todd and McCutcheon & Church.

The issues in this case depend upon the construction to be placed upon certain amendments to the statutes of limitations enacted

⬥⟹For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

by the Legislature in the year 1913, and the application thereof to the facts controlling the transactions between the parties in this suit. In such connection it was contended by appellants at trial and is vigorously maintained in this court that under said amendment and at a time prior to that when appellee filed his answer and cross-bill in the court below seeking affirmative relief his right to recover the land on the ground that he retained the superior title thereto in his deed to Mrs. Todd, as well as his right to foreclose the lien retained to secure payment of the notes, was barred by the respective statutes of limitation governing both remedies, by reason of which appellants' right to defeat appellee's claim became a vested one. In view of such contention and the further contention that the effect of the amendments was retroactive, and hence unconstitutional, it will be of assistance to state the limitations of the legislative authority in changing, modifying, substituting, and destroying the remedy by which rights may be enforced.

[1, 2] It is settled law in this state, arising upon a construction of section 16 of article 1 of our Constitution, that no citizen's rights of any character can be affected by retroactive laws, and that as a consequence of that general rule the Legislature may not, in prescribing the period of time in which rights must be enforced in courts or otherwise, 'destroy a right which one person is entitled to enforce against another which exists in consequence of given facts or the right which one person has to resist the enforcement of a claim urged by another in consequence of given facts. Mellinger v. City of Houston, 68 Tex. 37, 3 S. W. 249. Applied to the present case, the rule means, simply stated, that if at any time prior to the filing of appellee's cross-action, such a state of facts existed that upon suit filed at that time they would have been a bar to appellee's cause of action, then any subsequent act of the Legislature would have been ineffective to restore the lost remedy, and appellee could not maintain a suit based upon such act, because retroactive.

[3, 4] In consonance with the rule stated, however, and sound in principle and reason, are two other rules. One is that that authority to legislate on any subject, not expressly or by necessary implication, denied by the Constitution is lodged with the Legislature. The other is that the Legislature may, because that authority is not denied it, change, modify, abolish, and establish new remedies for existing rights. De Cordova v. Galveston, 4 Tex. 470; Parker v. Buckner, 67 Tex. 20, 2 S. W. 746; Fristoe v. Blum, 92 Tex. 76, 45 S. W. 998. The reason that the legislative power may so proceed, as said in Mellinger v. Houston, supra, is because the citizen has no vested right in the procedure by which his rights may be enforced, save

194 S.W.—53

that his remedy may not be altogether taken away or so unreasonably incumbered as to render it useless or impracticable or to give an action where none existed.

[5] In the light of the rule stated we will now state the substance of the statute of limitations existing at the time of the amendments, appellee's remedies thereunder, the amendments and the effect of such amendments on appellee's remedies under the original act, and his rights under the amendments. Prior to the amendments the statutes declared that when the vendor's lien was retained in deeds to secure the purchase price the vendor could recover the superior title at any time before the expiration of ten years after maturity of the debt. Article 5694, R. S. 1911. Such liens and debt, however, could be extended, and when extended as directed the vendor had ten years from the maturity of the debt as extended in which to sue to recover the land under the superior title. Article 5695, R. S. 1911. Prior to the amendments all actions for debt evidenced by or founded upon any contract in writing were required to be prosecuted within four years after such cause accrued. Article 5688, R. S. 1911. By act effective July 12, 1913, article 5694, above, was amended by providing that the right to recover any real estate by virtue of the superior title retained in the conveyance or in any vendor's lien notes theretofore or thereafter made should be barred four years after the maturity of the debt, unless extended, provided, if several obligations were so secured, such right might be enforced at any time within four years after the last maturing obligation had matured, as to all notes not then four years overdue. By the same act article 5695 was also amended by providing, among other things, that all notes secured by the vendor's lien or deeds of trust executed prior to July 14, 1905, and more than four years overdue when the act became effective, should be forever barred, unless enforced by suit within twelve months, and that all such obligations executed subsequent to July 14, 1905, and which were not barred by the four-year statute of limitations should be forever barred unless enforced by suit within four years or within four years from maturity, provided that the land might be recovered by virtue of the superior title if suit therefor was commenced within twelve months. General Laws 33d Leg. p. 250. Subsequently, at a special session of same Legislature an act, effective November 19, 1913 (Acts 33d Leg. [1st Called Sess.] c. 27), was passed, further amending article 5695, by providing, among other things, that notes secured by the vendor's lien or deeds of trust executed prior to July 14, 1905, and more than four years overdue, should be forever barred, unless enforced by suit within twelve months, and that all such obligations executed subsequent to July 14, 1905, and not barred by the four-year statute of limitation,

should be forever barred unless extended or sued on within four years, but if any of such obligations were, on June 30, 1913, barred by the four-year statute of limitations, the owner should have four years within which to enforce such lien, provided that suits to recover the land by virtue of the superior title might be commenced in twelve months.

We will now consider appellants' and appellee's rights and remedies under the old statute or before the first amendment, which became effective July 12, 1913. As we have shown, appellee's cross-action seeking alternately the recovery of the land and a foreclosure of his lien was filed October 30, 1915. At that time under the old law all right to foreclose the vendor's lien was completely barred by the statute of limitations of four years. Every note of the series was more than four years overdue. The last note of the series matured December 27, 1910. However, he did have the right to recover the land by virtue of the superior title which he retained in his deed. This is true because none of the notes were more than ten years overdue when he filed his cross-action. The first matured December 27, 1906. He thus had until December 27, 1916, in which to file his suit to recover the land as to all notes. With his remedy so standing, the law, as we have shown, was amended, effective July 12, 1913, which was also before his remaining remedy was lost. By the amendment the right to recover the land by virtue of the superior title was reduced from ten to four years after maturity of the debt. By that amendment the right of appellee on October 30, 1915, to recover the land as to the first three notes was destroyed, but preserved as to the last two, since the first three at that time were more than four years overdue. However, at the same time, July 12, 1913, the law was further amended, as we have shown, by providing that all notes executed subsequent to July 14, 1905, and not barred by the four-year statute of limitations, could be enforced at any time within four years from the time the act was effective, or July 12, 1913, which would include the last two notes, and that all those who had retained the superior title to the land in their conveyance should have twelve months thereafter to bring suit for that purpose, which included all appellee's notes. Such is true because at the time the amendment was effective he had at least until December 27, 1916, to recover the land as to all notes; the net result being that appellee's time in which to recover the land under the old law was shortened, but he was in part restored to the remedy he had formerly lost. Thus he still had a remedy at that time which he could have exercised; that is, he could have foreclosed his lien securing payment of the last two notes and he had until July 12, 1914, in which to recover the land as to all notes. Before the expiration of the time in which he could

have exercised the remedies remaining to him a special session of the Legislature which enacted the first amendments we have just reviewed, by an amendment effective November 19, 1913, enlarged appellee's remedy by declaring that all notes executed subsequent to July 14, 1905, if not barred by the four-year statute of limitations might thereafter be enforced within four years, provided that, if any such obligations were on June 30, 1913, in fact barred by said four-year statute of limitations, they nevertheless could be enforced within four years after the amendment was effective, or November 19, 1913, providing also that suits to recover the land should be enforced in one year, or by November 19, 1914. Thus, then, while appellee still had a remedy remaining, the Legislature, as we have shown, enlarged same by allowing him four years from the passage of the law or November 19, 1913, in which to sue upon all notes not barred, which included the last two, and four years from the same date in which to sue upon those barred by limitation on June 30, 1913, which included the first three, or, in the alternative, to sue to recover the superior title in one year from said date. His suit, as we have said, was filed October 30, 1915, seeking both remedies. He was not entitled to recover the land, because his right to that remedy was lost November 19, 1914. He was, however, entitled to foreclose the lien on the entire series of notes, since each one of them under the provisions of the last-amended act could be declared on for that purpose at any time within four years after June 30, 1913. At no time from the date of the execution of the notes was all remedy lost to appellee by which he could have enforced his contract, either to foreclose his contract lien or to recover the land by virtue of the superior title retained in his deed to Mrs. Todd. That being true, it follows as a corollary that her transferees, appellants, never at any time acquired a vested right by which, because of a given state of facts, they could have resisted the enforcement of appellee's rights growing out of the purchase and sale of the land.

[6, 7] That being true, as we have shown at another place in this opinion, the Legislature had the authority to change, modify, or abolish existing remedies and establish new and revive old ones. On that issue and considered from that standpoint it is said that:

"A right cannot be considered a vested right, unless it is something more than such a mere expectation as may be based upon an anticipated continuance of the present general laws; it must have become a title, legal or equitable, to the present or future enjoyment of exemption of a demand made by another." Cooley, Const. Lim. (6th Ed.) 438.

It is also said that:

"The weight of authority in the several states, it is believed, supports the view that the bar gained by the running of the statute is a vested right which cannot subsequently be taken away

by the Legislature either by creating a new right, repealing the former statute, or withdrawing a specified past period from its operation." 8 Cyc. 922.

But "there can be no right gained in the running of the statute till the prescribed period of limitations is completed, or according to some authorities till not only the remedy is barred, but the limitation has entirely extinguished the former right and vested title. But where only one particular form of remedy is barred, while other equivalent forms remain, there can be no objection to a removal of a bar on the first." 8 Cyc. 923.

To the same effect see Power v. Telford, 60 Miss. 195; Kipp v. Johnson, 31 Minn. 360, 17 N. W. 957; Whitney v. Wegler, 54 Minn. 235, 55 N. W. 927.

[8] Appellants also contend that the rule announced in Gautier v. Franklin, 1 Tex. 732, Odum v. Garner, 86 Tex. 374, 25 S. W. 18, and Wright v. Hardy, 88 Tex. 653, 32 S. W. 885, should be applied in this case. The substance of that rule is that, when a new period of limitation is substituted, the time which elapsed under the repealed law will be counted against the demand in the ratio it bears to the whole period, and the time under the new law will be computed upon the basis of the ratio that the unexpired time under the old law bears to the whole time; or if under the old law two-thirds of the time had expired, then one-third of the time prescribed by the new law would be allowed in which to sue. The cases cited in our opinion are constructions of provisions in the laws being considered which render the conclusions and rules there announced without application to the instant case. Without attempting a review of the act construed in Gautier v. Franklin, supra, it may be said that the rule of proportion therein adopted was by the court declared to be one of policy and equity necessary to be declared as a result of the uncertainty of the law itself concerning the period of time which had lapsed prior to the adoption of the act. As much can be said of the reiteration of the rule in Odum v. Garner, supra, and Wright v. Hardy, supra. In both those cases general statutes lengthening the period of limitations were being considered; there being in neither instance any provision in the act dealing with the time that had previously run against the act. Hence the rule of policy and equity adopted in Gautier v. Franklin was the only basis of construction. But by the act now under construction precise rules are adopted by which every character of remedy arising before and subsequent to July 14, 1905, upon the obligations covered by the act may be determined precisely and nothing is left for construction.

[9] In such cases, the law being constitutional, the courts are without authority to change the plain and unambiguous meaning of the language by writing therein a rule at variance with the law itself. Dodson v. Bunton, 81 Tex. 655, 17 S. W. 507; Schloss v. Railway Co., 85 Tex. 601, 22 S. W. 1014; Fire Ass'n, etc., v. Love, 101 Tex. 376, 108 S. W. 158, 810.

There are several other propositions urged by appellants and as many counter propositions urged by appellee, which we conclude are not necessary to be considered under the conclusion we have reached that at no time during the period of the two amendments had appellee lost all remedy by which to enforce his contract, and that the specific remedy of suit to foreclose within four years after June 30, 1913, was substituted finally for all other remedies was the only one he had left.

For the reasons stated, the judgment is affirmed.