**ORANGE & N. W. RY. CO. et al. v. PRUTER.**
**(No. 885.)**

(Court of Civil Appeals of Texas. Beaumont.
April 6, 1920.)

I. Appeal and error ⚙══338(2) — Amendatory
act limiting time to sue out writ of error held
to apply to judgment prior thereto.

Acts 36th Leg. (1919) c. 85, amending Rev.
St. 1911, art. 2086, and providing that writ of
error, where allowed, must be sued out within
six months after final judgment, applies to a
judgment rendered prior to the amendment.

2. Appeal and error ⚙══338(2)—Amendatory
statute limiting time to sue out writ of error
construed as a prior judgment.

Acts 36th Leg. (1919) c. 85, amending Rev.
St. 1911, art. 2086, and providing that writ
of error where allowed must be sued out with-
in six months after final judgment, and not
thereafter, effective June 19, 1919, does not,
even as to a judgment rendered prior to the
amendment, give to plaintiff in error six months
after the amendatory act became effective in
which to sue out his writ.

Error from District Court, Orange County;
W. T. Davis, Judge.

Action by Leroy Pruter against the Orange
& Northwestern Railway Company and an-
other, to recover for personal injuries. Judg-
ment for plaintiff, and defendants bring er-
ror. On motion to have transcript filed by
clerk. Motion denied and dismissed.

Andrews, Streetman, Logue & Mobley, of
Houston, and Holland & Holland, of Orange,
for plaintiffs in error.

Smith & Crawford, of Beaumont, and John
Hancock, of Thurber, for defendant in error.

HIGHTOWER, C. J. Leroy Pruter, as
plaintiff, brought suit in the district court of
Orange county against the Orange & North-
western Railway Company and Walker D.
Hines, the latter being sued in his capacity
of Director General of Railroads, to recover
damages for personal injuries sustained by
Pruter while the Orange & Northwestern
Railroad was being operated by Hines in
his official capacity. The cause came on
regularly for trial, and verdict and judgment
was rendered in Pruter's favor for damages
against both defendants in the sum of $16,-
500. The date of the final judgment in the
court below was May 29, 1919. The defend-
ants sought to have the judgment of the
lower court reviewed in this court by suing
out a writ of error, and all necessary steps
to that end were taken, and said defendants
would be entitled to have said judgment
against them reviewed by this court, pro-
vided the writ of error was timely prosecuted
by them.

The application for the writ of error and
bond therefor was filed by defendants in the
district court of Orange county on December
15, 1919. On the ——— day of February,
1920, the transcript and statement of facts
in the cause, which had been duly prepared
below, were transmitted by mail to the clerk
of this court for filing, and reached his
hands on the 5th day of February, 1920. It
occurring to the clerk of this court that the
application and bond for writ of error had
not been filed within the time required by
law to give this court jurisdiction of this
cause, he called this court's attention to the
matter, and desired to be advised. as to
whether he should file the transcript and
statement of facts as of the date received by
him, and he was advised by the members of
this court that in their opinion the writ of
error had not been sued out in time to give
jurisdiction to this court in the matter, or
to authorize the filing by him of said tran-
script and statement of facts, and said clerk
was advised by this court to note on the
transcript and statement of facts the date
of their receipt by him, but not to officially
file the same in this court, and to notify coun-
sel of record for the plaintiffs in error of
his actions regarding such transcript and
statement of facts, all of which was done.
Thereafter, on February 25, 1920, the plain-
tiffs in error filed a formal motion in this
court, praying this court to direct and order
the clerk of this court to file said transcript
and statement of facts, which motion was
resisted by the said Pruter.

[1, 2] At the time the judgment of the dis-
trict court of Orange county was rendered in
said cause, article 2086 of the Revised Stat-
utes of this state was in effect, and under
that article the defendants, if they desired
to bring the case to this court by writ of
error, had 12 months after the date of the
judgment in the lower court in which to sue
out a writ of error. That article, however,
was amended by an act of the Thirty-Sixth
Legislature of this state, and by the amend-
ing act, it was provided that writ of error,
where allowed, must be sued out within six
months after final judgment rendered in a
cause, and not thereafter. Acts 36th Legis-
lature, c. 85, p. 136. This act was approved
April 19, 1919, and went into effect on June
19, 1919. It is the contention of counsel for
the motion in this case that the act of the
Thirty-Sixth Legislature, amending article
2086, did not have reference to judgments
which had been rendered prior to said amend-
ment, but that if mistaken in that contention,
then the Legislature, in passing the amenda-
tory act, intended that as to all judgments
rendered prior to the amendment the parties
thereto should have six months after the
amendatory act became effective in which to
sue out a writ of error. We cannot agree

⚙══For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

with either contention, but think the conclusion is irresistible that application and bond for the writ of error in this instance came too late to confer jurisdiction upon this court, basing our holding to that effect on the decision of the Supreme Court of this state in the case of Odum et al. v. Garner et al., 86 Tex. 374, 25 S. W. 18. See, also, Gautier v. Franklin, 1 Tex. 732.

Being clearly of the opinion, as we are, that this court, for the lack of jurisdiction, would be compelled to dismiss the application for writ of error, had the transcript and statement of facts been filed in this court by the clerk, it seems to us that we could not consistently order him to file the transcript and statement of facts, and thereafter order a dismissal for want of jurisdiction to entertain the writ. The motion will therefore be denied and dismissed; and it is so ordered.