LACEY v. McCLURE CO. (No. 9333.)

(Court of Civil Appeals of Texas. Ft. Worth. April 24, 1920.)

Appeal and error ⬡⟾345(1)—Time for suing out writ of error dates from final judgment, and not from denial of new trial.

The time for suing out a writ of error begins with the date of final judgment and not with the date of overruling motion for new trial, so that where the petition and bond were filed more than one year after judgment, the proceeding must be dismissed, whether Acts 36th Leg. c. 85, which became effective June 17, 1919, reducing such time to six months or the old law applies.

Error from Erath County Court; W. E. Bowers, Judge.

Action between A. T. Lacey and the McClure Company. From a judgment entered the former brings error. Dismissed.

Chandler & Pannill, of Stephenville, and H. E. Trippet, of Waco, for plaintiff in error.

H. S. Lattimore, of Ft. Worth, for defendant in error.

BUCK, J. The judgment in this case appears to have been entered October 8, 1918. The motion for new trial was overruled November 16, 1918. The petition for writ of error and bond were filed October 25, 1919. The year, under the law prior to the amendment by the Thirty-Sixth Legislature, page 136, reducing the time to six months, expired before the petition and bond of error were filed. The time for suing out a writ of error begins with the date of final judgment, and not with the date of overruling a motion for new trial. Cooper v. Yoakum, 91 Tex. 391, 43 S. W. 871. Therefore, without reference to the amendment of the law passed by the Thirty-Sixth Legislature, which became effective June 17, 1919, this writ was not sued out in time to give this court jurisdiction, and therefore the appeal by writ of error should be dismissed. Carpenter v. Carpenter, 142 S. W. 633. This is true whether the new law or the old law applies. Odum v. Garner, 86 Tex. 374, 25 S. W. 18; Compton v. Ashley, 28 S. W. 924.

The appeal is dismissed, at cost of plaintiff in error.