## CAMERON COUNTY IRR. DIST. NO. 1 v. BANKERS' TRUST CO. (No. 6417.)

(Court of Civil Appeals of Texas. San Antonio. June 9, 1920. Rehearing Denied June 29, 1920.)

Appeal and error ⬩⮕338(2) — Writ of error sued out too late to give jurisdiction.

Where judgment was rendered February 5, 1919, and court adjourned February 7, 1919, a writ of error sued out on January 24, 1920, did not give the appellate court jurisdiction, since Act March 19, 1919, c. 85, amending Rev. St. art. 2086, providing that writs *of error should be sued out within 6 months after final judgment, and not thereafter, instead of 12 months, went into effect on June 19, 1919; such amendment applying to judgments rendered before as well as those rendered after it went into effect.

Error from District Court, Cameron County; Walter F. Timon, Judge.

Suit between the Cameron County Irrigation District No. 1 and the Bankers' Trust Company. From an adverse judgment, the former brings error. Writ of error dismissed.

Elliott Cage, of Houston, for plaintiff in error.

FLY, C. J. The judgment in this suit was rendered on February 5, 1919, the court adjourning February 7, 1919. On January 24, 1920, the petition upon which this writ of error is based was filed in the trial court.

On March 19, 1919, an amendment to article 2086, Revised Civil Statutes of Texas, was passed by the Thirty-Sixth Legislature (Gen. Laws, p. 136), which provided that writs of error could be sued out within 6 months after the final judgment, and not thereafter, instead of 12 months. That amendment went into effect on June 19, 1919, about 4½ months after the judgment was rendered. Plaintiff in error had 90 days notice that it was going into effect on June 19, 1919, but no attempt was made to sue out a writ of error until the law had been in effect for 7 months. In the case of Odum v. Garner, 86 Tex. 374, 25 S. W. 18, it was held that the act of April 13, 1892, which changed the time in which a writ of error could be sued out from 2 years to 12 months after rendition of judgment, applied to judgments rendered before as well as those rendered after the law went into effect. The court held:

"The act amending article 1389 was approved April 13, 1892, and was made to take effect September 1, 1892, 4 months and 18 days after it was passed. * * * Plaintiff could have filed his petition at any time prior to the date when the law took effect. The time was allowed reasonable."

The court further said:

"Our Supreme Court has adopted the rule that, upon the substitution of a new term of limitation, the time which elapsed under the former law will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed upon the basis of the ratio that the unexpired time under the old law bears to the whole time; that is, that if under the old law two-thirds of the time had expired, then one-third of the new law would be allowed within which to sue. Gautier v.

⬩⮕For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Franklin, 1 Tex. 732. The same rules should be applied in construing this statute as in construing statutes of limitation of actions."

Under that rule the time had fully elapsed long before the petition was filed in which such application could be filed. Even if, as contended by the appellant in the case cited, the full time of the new law, after it went into effect, should be allowed a party against whom judgment had been rendered before the law was passed, still plaintiff in error filed its petition too late, for it was more than 6 months after the law became effective before the petition was filed in the trial court. Following the Odum-Garner Case are Railway v. Pruter, 220 S. W. 797, and Railway v. Fairchilds, 220 S. W. 798.

The writt of error will be dismissed.