## WICHITA VALLEY RY. CO. v. CARTER.
### (No. 9375.)

(Court of Civil Appeals of Texas. Ft. Worth. Oct. 16, 1920.)

**Appeal and error ⊜338(2)—A writ of error held sued out too late.**

Where final judgment in county court was entered against plaintiff in error October 28, 1918, and Rev. St. 1911, art. 2086, allowing a writ of error to be sued out within a year, was amended by Acts 36th Leg. (1919) c. 85, which went into force June 17, 1919, and reduced the time to six months, a writ of error sued out October 14, 1919, comes too late, for as more than four months remained when Acts 36th Leg. went into force, June 17, and the time was reasonable, the new law must be deemed to apply from that date, and the time for suing out a writ of error was reduced to two months in accordance with the ratio between the two periods.

Error from Jones County Court; J. F. Lindsey, Judge.

Action between J. M. Carter and the Wichita Valley Railway Company. Judgment for the former, and the latter brings error. Writ of error dismissed.

W. S. Pope, of Anson, for plaintiff in error. E. T. Brooks, of Abilene, for defendant in error.

BUCK, J. This is an appeal by writ of error from the county court of Jones county. Defendant in error has filed a motion to dismiss the writ of error because the same is not sued out within the time prescribed by law. The final judgment was entered October 28, 1918, and a petition for writ of error and bond therefor were filed October 14, 1919, at which time plaintiff in error had only 14 days under Rev. St. 1911, article 2086, in which to sue out a writ of error. The Thirty-Sixth Legislature, Acts of 36th Legislature, p. 136, amended this article by changing the time in which a writ of error might be sued out from one year to six months after final judgment. This law was approved March 19, 1919, and became effective 90 days after the adjournment of the Legislature, which occurred on March 19, 1919; hence the law became effective June 17, 1919.

The question presented is as to whether the new law affects causes which had already been reduced to judgment at the time the new law became effective. On June 17, 1919, plaintiff in error had 4 months and 11 days under the old law in which to sue out his writ and file his bond. We believe it is the law of this state that where a change has been made in the statute governing appeals, or writs of error, the new law applies from the date when it became effective, and the time thereafter allowed is determined by the ratio that the unexpired term under the old law bears to the whole period, and the time of the new law will be computed upon that basis. Odum v. Garner, 86 Tex. 374, 25 S. W. 18; Gautier v. Franklin, 1 Tex. 732; Garce et al. v. Buffington, 25 S. W. 317; Compton v. Ashley, 28 S. W. 924; McCutcheon & Church v. Smith, 194 S. W. 831; Orange & N. W. Ry. Co. v. Pruter, 220 S. W. 797; Lacy v. McClure, 223 S. W. 872; 36 Cyc. p. 1220. This rule applies where a reasonable time is allowed the plaintiff in error to perfect his writ of error, and where it is not shown that the intention of the Legislature enacting the new law was that it should not apply to causes that had already been tried at the time the new law went into effect.

"Unless a different intention is shown, statutes changing the time formerly allowed for taking an appeal will usually be applied from the time they take effect, with a saving of a reasonable time, however, in any case where a strict application of the new act would at once deprive a party of a right of appeal existing under the former law." 36 Cyc. p. 1220.

Applying the rule laid down in Odum v. Garner, supra, plaintiff in error at the time the new law came into effect, to wit, June 17, 1919, would have had two months and six days in which to sue out his writ. We think this was a reasonable time and that the motion to dismiss the writ of error because not sued out in time should be sustained. In Odum v. Garner, supra, it is said:

"The general rule as to the statutes of limitation, where a different period is substituted, is that the new law applies provided that reasonable time is given within which to prosecute the claim. Parker v. Buckner, 67 Tex. 20; Wood on Lim. Act. § 12; Howell v. Howell, 15 Wis. 57; State v. Clark, 7 Ind. 468; Parker v. Kane, 4 Wis. 1; Gilman v. Cutts, 26 Mich. 376."

We have examined the cases of M., K. & T. Ry. Co. of Tex. v. State, 100 Tex. 420, 100 S. W. 766, and Baines v. Jemison, 86 Tex. 118, 23 S. W. 639, and other cases cited by plaintiff in error; but we believe the rule as laid down by the authorities above cited apply in this case, and the writ of error is dismissed.

⊜For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes