ZARATE et al. v. CANTU et al.   (No. 6439.)

(Court of Civil Appeals of Texas. San Antonio. Oct. 27, 1920. On Motion for Rehearing, Nov. 24, 1920.)

**1. Appeal and error** ⬤⟳80(3)—**Judgments appointing commissioners in partition final and appealable.**

Judgments, in suits for partition disposing of the rights of the parties and appointing commissioners to partition the land in accordance with the provisions of the judgment, are final and appealable.

**2. Appeal and error** ⬤⟳338(2)'—**Petition for writ filed more than 12 months after date of judgment dismissed.**

Where judgment in suit for partition disposing of the rights of the parties and appointing commissioners was entered on October 24, 1916, and corrected April 16, 1917, and judgment approving the report of the commissioners was rendered October 22, 1918, under Acts Reg. Sess. 36th Leg. (1919) c. 85, reducing the time for suing out writs of error to 6 months, petition for writ of error filed August 22, 1919, more than 12 months after the date of either of the judgments, was too late, and the writ will be dismissed.

**3. Appeal and error** ⬤⟳773(2)—**Motion to dismiss for want of prosecution well taken, where no briefs filed and no excuse shown.**

Where no briefs had been filed at the time writ of error was submitted, and no sufficient cause for the failure was shown, a motion to dismiss the writ for want of prosecution is well taken.

On Motion for Rehearing.

**4. Appeal and error** ⬤⟳797(3)—**Rule as to time for motion to dismiss without application to jurisdictional question, etc.**

Rules for the Courts of Civil Appeals, No. 8 (142 S. W. xi), relative to time for filing motion to dismiss after filing of the record in the Court of Civil Appeals, is without application when a question of jurisdiction is involved, and cannot apply to a motion to dismiss for failure to file briefs.

**5. Appeal and error** ⬤⟳657(1)—**Record need not be corrected in trial court, where issue affects jurisdiction of Court of Civil Appeals.**

The usual rule regarding the necessity for correcting the record in the trial court does not apply where the issue, as whether the petition for writ of error was filed August 12, 1919, or

---

August 22, 1919, as shown by the file mark of the clerk, is one affecting the jurisdiction of the Court of Civil Appeals.

**6. Evidence ⊚⟾83(6)—Presumption in favor of regularity of official acts.**

There is a presumption in favor of the regularity of official acts, as the clerk's file mark on petition for writ of error.

**7. Appeal and error ⊚⟾799—Evidence to convince as to filing of petition for writ of error in time contrary to file mark must overcome presumption as to official act.**

To convince the Court of Civil Appeals that it has jurisdiction because a petition for writ of error was filed in the trial court in due time, the petition being marked by the clerk of court as filed late, the evidence should go farther than merely to show that a petition was mailed which in due course of mail should have reached the clerk 10 days before the date indicated by his file mark, and in time.

Error from District Court, Brooks County; V. W. Taylor, Judge.

Suit for partition between Juan Zarate and others and Marcello Cantu and others. To review judgment for the latter, the former bring error. Writ of error dismissed.

T. Wesley Hook, of San Antonio, for plaintiffs in error.

·Canales & Davenport, of Brownsville, and Dougherty & Dougherty, of Beeville, for defendants in error.

MOURSUND, J.   A motion has been filed to dismiss the writ of error based upon two grounds: First, failure to file petition for writ of error within statutory period; and, second, failure to file briefs.

[1] In this case a judgment was entered on October 24, 1916, which was corrected on April 16, 1917. These judgments disposed of the rights of the parties and appointed commissioners to partition the land in accordance with the provisions of the judgment. It is well settled that such judgments are final and appealable. Waters Pierce Oil Co. v. State, 107 Tex. 1, 106 S. W. 326, and cases cited. The petition for writ of error was filed August 22, 1920, more than 12 months after the date of either of the judgments mentioned.

[2] The judgment approving the report of the commissioners was rendered on October 22, 1918. The Legislature, by chapter 85, Acts Reg. Sess. 36th Leg., reduced the time for suing out writs of error to 6 months, and applying the rule announced in the case of Odum v. Garner, 86 Tex. 374, 25 S. W. 18, for computing time in cases decided before the law was changed, we find that the petition was filed too late to procure a revision of said judgment of October 22, 1918.

It is stated in the answer to the motion to dismiss, which answer was filed on the day the case was submitted, that the petition and bond were mailed to the clerk from San Antonio on August 11, 1919, and should have reached him on August 12, 1919, and that therefore the file mark of August 22, 1919, is due to a mistake of the clerk. As the file mark showing the date of filing to have been August 22, 1919, appears three times, once on the petition and twice on the bond, it is evident that the discrepancy cannot be accounted for on the ground that a clerical error was made in making such notation or in copying the same into the transcript. In passing on this matter we must therefore accept the transcript as showing the correct date. It seems improbable, in view of the three notations, that the petition and bond reached the clerk prior to the date stated by him, but any mistake with reference to the record as it exists in the clerk's office could only have been corrected in the trial court.

[3] The motion to dismiss is also well taken in so far as reliance is placed upon the ground of want of prosecution. No briefs had been filed at the time the case was submitted, and no sufficient excuse for such failure was shown.

We conclude that both grounds of the motion are well taken, and it is therefore granted, and the writ of error dismissed.

### On Motion for Rehearing.

[4] It is suggested that under rule 8 for the Courts of Civil Appeals (142 S. W. xi) the motion to dismiss should have been filed within 30 days after the filing of the record in this court. That rule has no application when a question of jurisdiction is involved, nor can it apply to a motion to dismiss for failure to file briefs.

[5] It is also contended that the usual rule concerning the necessity for correcting the record in the trial court would not apply, for the reason that the issue whether the petition for writ of error was filed on August 12, 1919, is one affecting the jurisdiction of this court. We hold this contention to be well taken, and withdraw the suggestion to the effect that it was necessary to correct the record in the trial court. W. U. Tel. Co. v. O'Keefe, 87 Tex. 423, 28 S. W. 945.

[6, 7] There being nothing in the transcript to indicate that any clerical error was made in the three notations of the date of filing, all of which are alike, and there being a presumption in favor of the regularity of official acts, evidence relied on to convince this court that it has jurisdiction should go further than merely to show that a petition was mailed at San Antonio, which in due course of mail should have reached the clerk 10 days before the date indicated by his file marks. Such evidence might raise a presumption that the clerk received the petition on August 12, 1919, in the absence of any other evidence, but this presumption is counterbalanced by the pre-

---

⊚⟾For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

sumption that the clerk placed his file mark thereon in accordance with the requirements of the law.

The motion for rehearing is overruled.