## FIDELITY UNION CASUALTY CO. v. FARMERS' & MERCHANTS' LUMBER CO.

Court of Civil Appeals of Texas. Waco.

Oct. 29, 1931.

148

Ward & Ward, of Cleburne, and Collins & Houston, of Dallas, for appellant.

J. M. Moore, of Cleburne, and W. H. Skelton, of Alvarado, for appellee.

BARCUS, J.

Appellant has filed its motion for permission to file the record in this cause, to which appellee has filed its contest. The record tendered shows that judgment was rendered in the trial court on May 25, 1931. The motion for new trial was overruled on July 2, 1931. Appellant filed its appeal bond July 13, 1931. Under article 1839 of the Revised Statutes, as it existed on July 13th, when the appeal was perfected, appellant had ninety days in which to file the record in this court. Said article as amended by the 42d Legislature, General Laws, c. 66, p. 100 (Vernon's Ann. Civ. St. art. 1839), requires the transcript to be filed within sixty days from the final judgment or overruling motion for new trial. This law took effect ninety days after the Legislature adjourned, or August 22, 1931. It therefore appears that at the time the amended statute took effect, approximately fifty days of the ninety days allowed appellant had expired. It is the well-settled law of this state that a litigant has no vested right in a remedy, and that the remedial statutes are valid and control litigation from the date they become a law. Phil. H. Pierce Co. v. Watkins, 114 Tex. 153, 263 S. W. 905 and authorities there cited.

The rule in effect adopted by the Supreme Court in Odum v. Garner, 86 Tex. 374, 25 S. W. 18, was that upon the substitution of a new time within which a writ of error could be applied for, the time which elapsed under the former law prior to the time the new law takes effect will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed upon the basis of the ratio that the unexpired term under the old law bears to the whole time. This authority has been cited many times, as is shown by Shepards' Southwestern Citator, and has been uniformly upheld. The identical question was again involved in Wichita Valley Ry. Co. v. Carter (Tex. Civ. App.) 225 S. W. 592 where many authorities are collated.

Adopting this as being the correct rule, five-ninths of appellant's time had expired when the new law took effect, and four-ninths of the sixty days given under the new law would have given appellant approximately twenty-eight days after the new law took effect. The record was tendered in this court on October 2d, which was about forty-four days after the new law took effect and is, under the rule announced in the cited cases, tendered too late for filing.

Appellant's motion is therefore overruled.