### SHAMBAUGH v. WILSON.
### No. 2222.

Court of Civil Appeals of Texas. Beaumont.
March 31, 1932.

Rehearing Denied June 22, 1932.

W. H. Graham, of Houston, for appellant.

M. M. Feagin, of Livingston, for appellee.

WALKER, J.

Appellee's motion to dismiss the appeal is overruled. Judgment was entered herein on the 29th of June, 1931. Motion for new trial was overruled, and notice of appeal given on July 1, 1931. Appellants were non-residents of Angelina county, where the case was tried. Appeal bond was filed July 27, 1931. The record was filed in this court the 2d of October, 1931. Under the rule announced by the Supreme Court in Odum v. Garner, 86 Tex. 374, 25 S. W. 18, the record was filed well within the time allowed by article 1839, as amended by the last Legislature, which amendment took effect August 22, 1931 (Vernon's Ann. Civ. St. art. 1839).

This was an action by appellants to foreclose a paving lien against certain property owned by appellee, as evidenced by paving certificates Nos. 792, 808, and 813, as described in appellants' petition. Certificate No. 792 covered property abutting South Raguet street and certificates Nos. 808 and 813, property claimed by appellants to abut upon a road, right of way, or street, its nature being one of the issues in the case, designated in the record as South Angelina street. Among other defenses, appellee pleaded that the paving sued for was not laid in substantial compliance with the specifications of the contract. This issue was found in his favor as it affected the property on South Angelina street. On this issue judgment was entered against appellants, denying them recovery on certificates Nos. 808 and 913, but in their favor on certificate No. 792, for the sum of $223.46, and for attorney's fees in the sum of $150.

The judgment against appellants on certificates Nos. 808 and 813 is affirmed. Under the evidence, the specifications called for concrete to be laid five inches thick. As laid, it was only four and a half inches thick. This evidence raised the issue that the contract had not been substantially complied with, and, upon a submission to the jury, the issue was found in appellee's favor. He pleaded, as a part of his defense, that the paving was examined and approved in fraud of his rights, and that issue was raised by the evidence and resolved in appellee's favor by the court's judgment. The evidence was that the city's engineering force and appellants' engineer supervised, examined, and approved this work from time to time as it was being done, and in the exercise of ordinary care ought to have discovered that the contract was not being complied with. Harrell v. City of Lufkin (Tex. Com. App.) 280 S. W. 174, fully supports the judgment in appellee's favor.

Appellants suggest the issue of quantum meruit, and ask us to reform the judgment on the basis of nine-tenths of the contract price, on the theory that the work was only one-tenth short of due compliance. This suggestion can be disposed of by merely saying that the issue of quantum meruit was not pleaded by appellants.

We do not understand that appellee, by his cross-assignments, as presented on oral argument, contests the judgment of the court on certificate No. 792 in the sum of $223.46, but does assign error that the judgment for $150 attorney's fees is excessive. This assignment is sustained. On the facts, as reflected herein, $50 would be a reasonable attorney's fee for legal services on certificate No. 792. There was no serious issue as to this certificate. While the trial in the lower court consumed several days' time, and we have before us a large record, including two volumes of statement of facts, the contest below was primarily on certificates Nos. 808 and 813. If, within ten days from the date of the filing of this opinion, appellants file with our clerk a remittitur reducing the recovery for attorney's fee to $50, the judgment of the lower court on certificate No. 792 will be affirmed. If this remittitur is not filed, the judgment on certificate No. 792, with the judgment for attorney's fees in the sum of $150, will be reversed, and the cause remanded for a new trial. However, in all other respects, the judgment of the lower court is in all things affirmed.

Affirmed in part, and in part reversed and remanded, subject to the filing of the remittitur by appellant, as above stated.

### On Rehearing.

We withdraw the statement in the original opinion that appellee was not contesting the judgment of the lower court on certificate No. 792, and affirm the judgment as to this certificate on the ground that on the jury's verdict appellant was entitled to judgment thereon. In the lower court appellee filed certain pleas in abatement as to all the certificates involved in this litigation. This plea was overruled, and on the merits judgment entered as set out in the original opinion. If the plea in abatement is sustained, as prayed for by appellant, the result would be a reversal and remand in toto of the judgment of the lower court, with instructions to dismiss the case from the docket of the lower court. Because of the small amount involved in certificate No. 792, and because appellee stated he was willing to abide by our judgment on this certificate, provided our judgment as to all the certificates became final, we are overruling his motion for rehearing. We do not set out the facts on this plea in abatement because they appear without controversy and the issue is one purely of law. However, nothing said here-

in is intended to estop appellee against suing out a writ of error as to certificate No. 792, should he so desire.

Motions for rehearing filed by both parties are in all things overruled, except as indicated above.