Olga GONZALES, Appellant,

v.

Guillermo GONZALES, Appellee.

No. 4–85–00551–CV.

Court of Appeals of Texas,
San Antonio.

April 8, 1987.
Rehearing Denied May 11, 1987.

---

Lewis Buttles, San Antonio, for appellant.

C.E. Cantrell, San Antonio, for appellee.

Before CADENA, C.J., and BUTTS and CANTU, JJ.

## OPINION

CADENA, Chief Justice.

Plaintiff, Olga Gonzales, appeals from the denial of her motion for enforcement and clarification of the property division provisions in her 1975 divorce decree.

The original decree ordered Guillermo Gonzalez to pay $5,143.50 in payments of $100.00 per month beginning on December 1, 1976. The sum awarded represented a fair and equitable division of the community's contribution to appellant's Civil Service Retirement fund. At the time of the divorce, Guillermo Gonzales had not retired. Appellee failed to make any of the payments owed and appellant made no efforts to collect the money until 1985.

After an unsuccessful attempt to enforce the property division order by a motion for

contempt, plaintiff filed a motion seeking enforcement and clarification, which requested the court to add language specifying that the $5,143.50 awarded to her was a division of vested property in existence at the time the award was made; or to modify the property division order to require monthly payments as of the date when defendant began receiving retirement benefits; or to render judgment for the entire $5,143.50 and order an allotment from defendant's monthly benefits pursuant to TEX.REV.CIV.STAT.ANN. art. 3827a.

The trial court held that the requested clarification would modify the property division order and consequently denied the motion to clarify. The court further held that the statute of limitations barred plaintiff's claim for judgment as well as her motion for enforcement and clarification and that all of the relief sought was barred by the doctrine of *res judicata.*

■ We agree that plaintiff's motion for clarification and enforcement is barred.[1] In 1976, when this property division decree was entered, TEX.REV.CIV.STAT.ANN. art. 5535 provided a 10 year statute of limitations for the enforcement of judgments. Effective September 1, 1983, TEX. FAM.CODE ANN. § 3.70 (Vernon Supp. 1986) imposed a 2 year statute of limitations on enforcement motions.[2]

■ Although the legislature may shorten an existing statute, the new statute of limitations must be applied in such a way as to afford the plaintiff a reasonable time in which to bring suit. *Odum v. Garner,* 86 Tex. 374, 25 S.W. 18 (1894). A reasonable period of time to file under the new statute of limitations is calculated under the apportionment rule set forth in *Odum:*

> ... Upon the substitution of a new term of limitation the time which elapsed un-

1. TEX.FAM.CODE ANN. § 3.70(c) refers only to a limitation on motions for enforcement. However, our Supreme Court has interpreted that statute to bar contempt motions filed pursuant to TEX.FAM.CODE ANN. § 3.76. *Ex parte Goad,* 690 S.W.2d 894 (Tex.1985). By analogy, we conclude that the limitations period applies to all of the provisions of TEX.FAM.CODE ANN. Subchapter D, *Enforcement* (Vernon Supp. 1986).

2. Although statutes of limitation are generally presumed to be prospective, *Coastal Industrial Water Authority v. Trinity Portland Cement Division, General Portland Cement Co.,* 563 S.W.2d 916, 918 (Tex.1978), TEX.FAM.CODE ANN. § 3.70 applies to the enforcement of divorce decrees entered both before and after September 1, 1983. Acts 1983, 68th Leg., ch. 424, § 13, p. 2350 at 2360.

der the former law will be counted in the ratio that it bears to the whole period, and the time of the new law will be computed upon the basis of the ratio that the unexpired term under the old law bears to the whole time. That is, if, under the old law, two-thirds of the time had expired, then one-third of the new law would be allowed.

25 S.W. at 19. *See also Garcia v. Vasquez*, 621 S.W.2d 425, 526 (Tex.Civ.App.—San Antonio 1981, no writ).

When payments are due in installments, the statute of limitation runs on each installment from the time it becomes due. *Gabriel v. Alhabbal*, 618 S.W.2d 894 (Tex.Civ.App.—Houston [1st Dist.] 1981, writ ref'd n.r.e.). The ten year statute of limitation began to run on plaintiff's cause of action for the final payment on April 1, 1981. When the new statute of limitations was enacted on September 1, 1983, plaintiff had used up $29/120$th of the ten year statute. Using the apportionment rule described above, appellant had $91/120$th or 18 months of the new two year period in which to file suit. Appellant filed suit on July 19, 1985, 22 months after the new limitations period was enacted. Under the rule applied in *Odum*, plaintiff's suit for clarification and enforcement is barred by TEX.FAM.CODE ANN. § 3.70 (Vernon Supp.1986).

The judgment of the trial court is affirmed.