MEMORANDUM OPINION



No. 04-03-00095-CV



Bruce L. CHRISTENSEN,


Appellant



v.



Patricia Kathleen CHRISTENSEN,


Appellee



From the 166th Judicial District Court, Bexar County, Texas


Trial Court No. 2001-CI-02068


Honorable Henry Schuble, Judge Presiding



Opinion by: Alma L. López, Chief Justice


Sitting: Alma L. López, Chief Justice

 Catherine Stone, Justice

 Paul W. Green, Justice


Delivered and Filed: December 10, 2003


AFFIRMED

 Bruce L. Christensen appeals the trial court's order appointing a master in chancery. We
affirm the trial court's order.

 On November 20, 2001, an agreed final divorce decree was entered awarding Patricia
Kathleen Christensen certain real property as her sole and separate property. In October of 2002,
Patricia filed a motion seeking to enforce this provision of the decree by requiring Bruce to sign a
deed transferring his interest in the property to Patricia. The live pleading at the time of the hearing
was Patricia's second amended motion for enforcement in which she requested the trial court to
appoint a master in chancery for the limited purpose of acting as Bruce's attorney in fact to sign a
deed assigning Bruce's interest in the property to Patricia.

 Section 9.001 of the Texas Family Code permits a party to file a suit to enforce a divorce
decree and provides that "the proceedings shall be as in civil cases generally." Tex. Fam. Code
Ann. § 9.001 (Vernon 1998). Since the proceedings are "as in civil cases generally," Bruce has the
right to appeal the trial court's order enforcing the divorce decree by appointing a master in chancery.
See, e.g., Dechon v. Dechon, 909 S.W.2d 950 (Tex. App.--El Paso 1995, no writ) (appeal of 1993
order in action seeking enforcement of property settlement agreement in 1971 divorce decree);
Gonzales v. Gonzales, 728 S.W.2d 446 (Tex. App.--San Antonio 1987, no writ) (appeal of 1985
order in action seeking enforcement of 1975 divorce decree). However, the only issue we have
jurisdiction to consider is whether the trial court abused its discretion in ordering the appointment
of the master in chancery. We do not have jurisdiction to consider the numerous issues raised by
Bruce challenging the nature of the property division contained in the agreed final decree of divorce
or the proceedings relating to the decree. Elliott v. Elliott, 797 S.W.2d 388, 391 (Tex. App.--Austin
1990, no writ). Furthermore, we do not have the authority to consider Bruce's speculations about
what may have transpired off the record. We only have the authority to consider the information
contained in the records that have been filed in this appeal. See Sabine Offshore Serv., Inc. v. City
of Port Arthur, 595 S.W.2d 840 (Tex. 1979); Merchandise Center, Inc. v. WNS, Inc., 85 S.W.3d 389,
394 (Tex. App.--Texarkana 2002, no pet.).

 Rule 171 of the Texas Rules of Civil Procedure permits a court, in exceptional cases, for
good cause, to appoint a master in chancery to perform all of the duties required of him by the court.
Tex. R. Civ. P. 171. The appointment of a master lies within the sound discretion of the trial court
and should not be reversed except for a clear abuse of that discretion. Simpson v. Canales, 806
S.W.2d 802, 811 (Tex. 1991).

 In this case, Patricia was awarded the real property in question as her sole and separate
property in the agreed final decree of divorce. Patricia filed a motion to enforce that provision after
Bruce refused to sign a warranty deed based on his asserted challenges to the divorce decree. At the
hearing, the trial court explained that it did not have plenary power to consider Bruce's challenges
to the divorce decree but only had authority to consider how to enforce the provisions of the decree.
Because Bruce was already incarcerated, the trial court stated that holding him in contempt would
be a useless act. Accordingly, under the exceptional circumstances presented, the trial court
determined that the only means by which Patricia could enforce the terms of the divorce decree
awarding her title to the real property was to appoint a master in chancery to sign the deed required
by the title company in order to enable Patricia to refinance or sell the property. After reviewing the
record, we conclude that the trial court did not abuse its discretion in appointing the master in
chancery for this limited purpose. Accordingly, the trial court's order is affirmed. 


 Alma L. López, Chief Justice