**Diana L. MORALES a/k/a Diana L. Rice, Appellant,**

v.

**Roland G. MORALES, Appellee.**

No. 04–05–00513–CV.

Court of Appeals of Texas, San Antonio.

Feb. 1, 2006.

Timothy J. Daniels, Lindsay K. Young, Daniels & Daniels, San Antonio, for appellant.

Bryan A. Woods, Bayne, Snell & Krause, P.C., San Antonio, for appellee.

Sitting: ALMA L. LÓPEZ, Chief Justice, CATHERINE STONE, Justice, PHYLIS J. SPEEDLIN, Justice.

## OPINION

Opinion by PHYLIS J. SPEEDLIN, Justice.

### OPINION ON APPELLEE'S MOTION FOR REHEARING

Appellee's motion for rehearing is granted. This court's opinion and judgment issued in this appeal on December 14, 2005, are withdrawn, and this opinion and judgment are substituted. Diana L. Morales a/k/a Diana L. Rice appeals the judgment of the trial court awarding Roland G. Morales the sum of $10,000.00 in an action arising from a final divorce decree. Diana presents three issues on appeal contending the trial court erred by: (1) denying her special appearance because she was not properly served with citation; (2) overruling her objection to the inclusion of a motion for summary judgment in the same pleading as the motion to enforce; and (3) failing to conclude that limitations barred the motion to enforce. We reverse the trial court's judgment and remand the cause to the trial court for further proceedings consistent with this opinion.

### BACKGROUND

Diana and Roland G. Morales were divorced by a final decree entered in January of 1995.

The divorce decree contains the following provision relevant to the underlying dispute:

11.3 IT IS ORDERED AND DECREED that DIANA L. MORALES shall pay to ROLAND G. MORALES the sum of 10,000.00 which shall be payable upon the occurrence of the earliest of one of the following conditions:

A. HAROLD J. MORALES turns age 18 and graduates from high school;

B. DIANA L. MORALES remarries or has [a] male non-family member residing with her; or

C. DIANA L. MORALES elects to sell the above residence.

In April of 2004, Diana remarried. In October of 2004, Roland sent a letter demanding payment of the $10,000.00.

On April 7, 2005, Roland filed a motion for contempt seeking to have Diana held in contempt of court for failing to pay the $10,000.00. Diana was personally served with citation on April 13, 2005, notifying her of a hearing to be held on April 25, 2005. On April 25, 2005, Diana filed a response asserting a limitations defense to the motion for contempt. No hearing was held on April 25, 2005.

On May 1, 2005, Roland filed a motion to enforce the divorce decree and motion for summary judgment to enforce money judgment. The motion contained a fiat setting the matter for a hearing on May 27, 2005. The motion also contained a certificate of service stating that a copy of the motion was sent to Diana's attorney. In the motion, Roland prays that the trial court enter a money judgment against Di-

ana for $10,000.00 plus attorneys' fees and interest.

On May 6, 2005, Diana filed a motion for enforcement and contempt asserting that Roland had, among other allegations, failed to pay his share of the children's medical expenses and provide health insurance for the children as additional child support. On May 20, 2005, Diana filed a special appearance and an objection and response to Roland's motion to enforce and motion for summary judgment. Diana asserted that she had not been served with citation with regard to the motion to enforce. Diana also objected that Roland's motion for summary judgment was premature because a motion for summary judgment may only be filed after the defendant appears or answers the original petition. Finally, Diana asserted that summary judgment was improper because Roland's right to payment was barred by limitations.

The trial court entered an order denying Diana's special appearance and overruling her objections. The trial court also entered an order granting Roland's motion to enforce and motion for summary judgment and awarding Roland a judgment for $10,000.00 plus attorneys' fees and interest. Diana timely filed this appeal.

### SERVICE OF CITATION

■ In her first issue, Diana asserts that the trial court erred in denying her special appearance and objection to lack of service. Diana contends that the motion to enforce was an original action requiring that she be served with citation. A special appearance may not be used to challenge lack of service. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 203 (Tex.1985); *Habitech, Ltd. v. Estate of Stout*, No. 04–99–00328–CV, 2000 WL 254036, at *3 (Tex. App.-San Antonio Mar.8, 2000, no pet.). Furthermore, an appearance to contest lack of service and subsequent participation in the proceedings constitutes a general appearance, making personal service, if otherwise required, unnecessary. *Habitech, Ltd.*, 2000 WL 254036, at *3; *Houston Crushed Concrete, Inc. v. Concrete Recycling Corp.*, 879 S.W.2d 258, 260–61 (Tex.App.-Houston [14th Dist.] 1994, no writ); *McEntire v. McEntire*, 706 S.W.2d 347, 349 (Tex.App.-San Antonio 1986, no writ). Diana did not request the preparation of the reporter's record from the hearing on the special appearance and objection or from the hearing on the motion to enforce and motion for summary judgment; however, it appears that Diana's attorney appeared at the hearing to contest lack of service, thereby making a general appearance. Diana's first issue is overruled.

### LIMITATIONS

■ In her third issue, Diana complains that the trial court erred in concluding that limitations did not bar Roland's recovery. Diana contends that either the two-year limitations period in section 9.003(b) of the Family Code or the residual four-year limitations period in section 16.051 of the Texas Civil Practice and Remedies Code barred Roland's motion. Roland counters that the final divorce decree was a judgment that did not become dormant until ten years after it was rendered and was subject to being revived.

This court has previously held that the right to receive payments awarded under a divorce decree is subject to the two year limitations provision. *Gonzales v. Gonzales*, 728 S.W.2d 446, 447 (Tex.App.-San Antonio 1987, no writ). In *Gonzales*, this court held that the two-year limitations provision contained in former section 3.70(c), now section 9.003, was applicable to all enforcement motions. *Id.* at 446 & n. 1. Although we acknowledge that the

Fort Worth court has criticized our opinion in *Gonzales, see Jenkins v. Jenkins*, 991 S.W.2d 440, 446 n. 6 (Tex.App.-Fort Worth 1999, pet. denied), our holding is consistent with the El Paso's court's holding in *Dechon v. Dechon*, 909 S.W.2d 950, 961–62 (Tex.App.-El Paso 1995, no writ), in which the court stated, "Section 3.70(c) makes little sense unless it applies to all methods of enforcement under Subchapter D. We decline to carve exceptions depending on the method of enforcement sought."

Accordingly, we continue to follow our prior holding in *Gonzales* and conclude that Roland was required to bring his motion to reduce the payments he was awarded under the divorce decree to a money judgment within two years from the date his right to those payments matured. As discussed below, the factual issue of when Roland's right to payment matured precludes this court from resolving whether the trial court erred in concluding that limitations did not bar Roland's recovery.

### Summary Judgment

■ In her second issue, Diana asserts that the trial court erred in overruling her objection that she was not provided the proper opportunity to respond to Roland's motion for summary judgment because the motion was included in the same document as the motion to enforce. Diana argues that the motion for summary judgment should not have been filed until after she answered the motion to enforce. *See* Tex.R. Civ. P. 166a(a) (stating party may move for summary judgment at any time after the adverse party has appeared or answered).

Diana's attorney was served with a copy of Roland's motion when it was filed on May 1, 2005. Diana filed her response on May 20, 2005, asserting the same limitations defense raised in her response to Roland's motion for contempt. The hearing on Roland's motion was held on May 27, 2005. Although the trial court's judgment expressly states that a reporter's record of the hearing was made, the reporter's record was not requested and is not part of this court's record.

■ In our original opinion, we held that Diana could not show that she was harmed by the inclusion of the motion for summary judgment in the same pleading as the motion to enforce. We noted that the trial court had the authority to enter the judgment in favor of Roland based on the motion to enforce independent of the motion for summary judgment. Although we continue to believe that Diana cannot show harm by the combined nature of the motions, we recognize on rehearing that the nature of the hearing held by the trial court affects this court's judgment disposing of the appeal.

■ In general, this court is only entitled to render judgment in favor of the losing party in a summary judgment context if both parties move for summary judgment. *See Members Mut. Ins. Co. v. Hermann Hosp.*, 664 S.W.2d 325, 328 (Tex. 1984). In her response to Roland's motion, Diana asserted that Roland's right to payment under the final divorce decree matured when she began cohabitating with a male non-family member in 1996. Diana attached her son's affidavit to her summary judgment response. The son's affidavit stated that he informed his father, Roland, in 1996 when his mother began cohabitating with another man. The affidavit is uncontroverted. *See Gant v. De-Leon*, 786 S.W.2d 259, 260 (Tex.1990) (noting uncontroverted evidence establishes facts as a matter of law); *Caso–Bercht v. Striker Indus.*, 147 S.W.3d 460, 465 (Tex. App.-Corpus Christi 2004, no pet.) (same). Since Diana did not file a motion for summary judgment, however, her response to Roland's motion could only defeat sum-

mary judgment in his favor. Her response does not permit this court to render judgment in her favor on appeal.

It does not appear from the briefs filed in this court that the trial court conducted an evidentiary hearing on Roland's motion to enforce. In fact, Diana states in a footnote to her brief, "Appellant believes the Trial Court did not reach the material factual dispute concerning whether Roland G. Morales learned of Diana Rice cohabitating with Jonathan Rice in 1996." Accordingly, we cannot render judgment in Diana's favor because the factual issue of when Roland's right to payment matured has not been resolved. Based on our prior discussion, Roland was required to file his motion to enforce within two years from the date his right to payment matured.

### CONCLUSION

The judgment of the trial court is reversed, and the cause is remanded to the trial court for further proceedings consistent with this opinion.