

# Fourth Court of Appeals

## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-13-00194-CV

Eusebio **VEJIL**,
Appellant

v.

Rosita **VEJIL**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2012-CI-20186
Honorable Gloria Saldaña, Judge Presiding

Opinion by:      Catherine Stone, Chief Justice

Sitting:          Catherine Stone, Chief Justice
                  Marialyn Barnard, Justice
                  Patricia O. Alvarez, Justice

Delivered and Filed:  November 6, 2013

AFFIRMED

This appeal arises from a motion filed by Rosita Vejil pertaining to the division of a debt in a decree of divorce. Eusebio Vejil raises numerous issues relating to the trial court's order on Rosita's motion; however, this court is only permitted to address those issues which are ripe for our consideration. In ruling on Rosita's motion, the trial court denied Rosita's motion to enforce and instead clarified the provision in the divorce decree. We affirm the trial court's order.

## BACKGROUND

The provision in the divorce decree which was the basis for Rosita's motion related to the division of a debt. Both Eusebio and Rosita were ordered to pay, as part of the division of the estate of the parties, "One half of the Debt owed to Nelnet, Inc. (W's Student Loan), Account number J088570457. Approximate Balance: $53,931.17." They were each also ordered to indemnity each other for their failure to discharge their respective portion of the debt.

In her motion, Rosita alleged that Eusebio failed to make any payment on the debt and requested the following:

> Petitioner prays that the Court order Respondent to deliver and or [sic] an order vacating the Qualified Domestic Relations Order a [sic] crediting Respondent against the existing debt. Petitioner requests alternatively and [sic] assignment of interest in Rosita Vejil's teacher retirement system benefitys [sic] or an equivalent sum of money to Petitioner at a date and place certain. Petitioner requests a judgment be entered against Respondent or alternatively that Respondent be ordered to make monthly payments on the debt until his liability is discharged.

Alternatively, Rosita requested the trial court to enter a clarifying order restating the terms of the decree "in a manner specific enough to allow enforcement by contempt and specifying a reasonable time within which compliance will be required." In his answer, Eusebio asserted the affirmative defense of ambiguity.

The trial court's order concluded the provision in the divorce decree was "not specific enough to be enforced" and denied Rosita's motion for enforcement. The trial court granted Rosita's motion to clarify and clarified the order as follows:

> IT IS THEREFORE ORDERED that Eusebio Vejil shall pay one-half of the debt owed to Nelnet on wife's school loans or its assignees, said debt to be paid on a monthly basis by Eusebio on the due date established by the creditor and such payment to be made on the dates required by the creditor on the original balance of $53,931.17.

Eusebio was also ordered to pay Rosita's attorney $1,500 in attorney's fees.

## LIMITATIONS

In his first issue, Eusebio contends Rosita's petition for enforcement was barred by the statute of limitations. As previously noted, however, the trial court denied the motion for enforcement. The only judicial action taken by the trial court was to clarify the decree.

Although section 9.003 of the Texas Family Code contains a limitations period for a "suit to enforce the division of tangible personal property," no similar limitations period is imposed on a clarification procedure.[1] *See Dechon v. Dechon*, 909 S.W.2d 950, 961-62 (Tex. App.—El Paso 1995, no writ); TEX. FAM. CODE ANN. § 9.003(a) (West 2006). Moreover, this court has held that "[w]hen payments are due in installments, the statute of limitations runs on each installment from the time it became due." *Gonzales v. Gonzales*, 728 S.W.2d 446, 448 (Tex. App.—San Antonio 1997, no writ). Given that the divorce decree did not contain a due date for the payment, and given that the clarification order requires the payments to be made on the dates required by the creditor, the date limitations would begin to run on any payment is unclear from this record.[2] Because the trial court denied Rosita's motion to enforce, Eusebio's first issue is overruled.

## CONTEMPT

In his second issue, Eusebio contends the trial court erred in clarifying "an order to pay a debt in a manner specific enough to allow enforcement by contempt [because it] violates the Texas Constitution's prohibition [on] imprisonment for failure to pay a debt." Rosita responds that this issue raises no real controversy for this court to decide since Eusebio has not been found in contempt. We agree.

---

[1] Although this court has held that a party's right to receive a payment under a divorce decree is subject to the two-year limitations provision set forth in section 9.003, *Moreno v. Moreno*, 195 S.W.3d 188 (Tex. App.—San Antonio 2006, pet. denied), we express no opinion as to whether the limitations provision would extend to a debt owed to a third party. *Cf. Stine v. Stewart*, 80 S.W.3d 586, 592 (Tex. 2002) (holding section 9.003 did not apply to third-party creditor beneficiary); *see also Ford v. Ford*, No. 14-99-00246-CV, 2000 WL 1262469, at *2 (Tex. App.—Houston [14th Dist.] Sept. 7, 2000, no pet.) (holding debt not tangible personal property subject to section 9.003) (mem. op.).

[2] We note that Rosita testified at the hearing that payment on the student loan had been deferred.

"A complaint is ripe when the controversy is real as opposed to abstract, hypothetical, or remote." *Hollingsworth v. Hollingsworth*, 274 S.W.3d 811, 819-20 (Tex. App.—Dallas 2008, no pet.). In this case, Eusebio has not been held in contempt or imprisoned for failing to comply with the clarified order. Accordingly, whether Eusebio could be held in contempt for violating the clarified order is not ripe for our consideration, and his second issue is dismissed. *See id*.

### CLARIFICATION

In his third issue, Eusebio contends that the trial court's clarification order substantively changes the property division in the divorce by creating new obligations. We disagree that the clarification order substantively changed the property division.

Section 9.006(b) of the Texas Family Code gives the trial court the authority to "specify more precisely the manner of effecting the property division previously made if the substantive division of property is not altered or changed." TEX. FAM. CODE ANN. § 9.006(b) (West 2006). As one court has noted, "[w]henever a party is to make some payment after the date of divorce, the decree should specify the dates, time, and location of the payment." *Kimsey v. Kimsey*, 965 S.W.3d 690, 697 (Tex. App.—El Paso 1998, pet. denied); *see also Hollingsworth*, 274 S.W.3d at 818-19 (clarifying payment provision by adding precise time and place for payment). In this case, the substantive division of the property, which ordered Eusebio to pay one-half of the total outstanding debt, was unchanged; instead, the order merely specified or clarified the manner in which the debt was to be paid. Because the trial court's clarification did not alter or change the substantive division of property, Eusebio's third issue is overruled.

### ATTORNEY'S FEES

In his final issue, Eusebio challenges the trial court's award of attorney's fees. Although Eusebio acknowledges in his brief that the trial court has the authority to award attorney's fees in

an enforcement or clarification proceeding, TEX. FAM. CODE ANN. § 9.014 (West Supp. 2012), Eusebio contends that the record contains no evidence to support the award.

After Rosita and Eusebio had been called to testify as witnesses at the hearing before the trial court, the following exchange occurred:

> THE COURT. Okay, sir. You may step down. Thank you. Next witness, Ms. Huron.
> MS. HURON [Rosita's attorney]: Your Honor, I'm just asking for reasonable attorney's fees.
> THE COURT: And what are your [sic] talking about in terms of reasonable attorney's fees?
> MS. HURON: $1,500 I believe would be certainly reasonable and necessary in pursuit of this matter. The Court can take judicial notice of what is necessary in this area and that $1,500 is certainly within that amount.
> THE COURT: So you rest?
> MS. HURON: Yes.

Although Eusebio's brief refers to this exchange as a statement by Ms. Huron, no objection was made to Ms. Huran not being under oath at the time she made the statement; therefore, the statement is considered evidence. *See Banda v. Garcia*, 955 S.W.2d 270, 272 (Tex. 1997). Accordingly, Ms. Huron's testimony is some evidence to support the attorney's fee award, and Eusebio's fourth issue is overruled. *See Hollingsworth*, 274 S.W.3d at 820 (affirming attorney's fee award where record contained testimony of attorney).

## CONCLUSION

The trial court's order is affirmed.

Catherine Stone, Chief Justice