

COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | | |
|---|---|---|
| THE RAYMOND CORPORATION, | § | |
| Appellant, | § | No. 08-22-00097-CV |
| v. | § | Appeal from the |
| GUILLERMINA RUBIO, Individually, and on Behalf of the Estate of Lorenzo Rubio Sr., Deceased, LORENZO RUBIO JR., LILLIANA RUBIO, and ELIZABETH RUBIO, | §  § | 120th Judicial District Court  of El Paso County, Texas |
| | § | (TC# 2021DCV3930) |
| Appellees. | § | |

## **O P I N I O N**

In this interlocutory appeal, the Raymond Corporation (Raymond) appeals the trial court's order denying its special appearance.[1] In one issue, Raymond argues the trial court lacks personal jurisdiction over it because it was not personally served or properly named as a party defendant to the suit, and the trial court erred in denying its special appearance. Finding no error, we affirm.

### I. BACKGROUND

---

[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(7) (providing for the interlocutory appeal of a grant or denial of a special appearance of a defendant under rule 120a of the Texas Rules of Civil Procedure, except in a suit brought under the Family Code).

This is a wrongful death case arising from a workplace injury occurring on or about November 12, 2019, in El Paso, Texas. On November 5, 2021, Appellees Guillermina Rubio, Lilliana Rubio, Lorenzo Rubio Jr., and Elizabeth Rubio (collectively, Appellees), filed "Plaintiffs' Original Petition" against the following named parties: "The Toro Company d/b/a Toro Manufacturing Corporation," "OLP Haskins El Paso TX LLC," and "Toyota Industries Corporation a/k/a and d/b/a The Raymond Corporation."[2] Appellees are the surviving spouse and children of Lorenzo Rubio, Sr., deceased (Lorenzo Sr.). Appellees allege by their suit that Lorenzo Sr. was "killed while working his shift at the TORO Distribution Center located at the 1400 block of Don Haskins Dr., El Paso, Texas (owned by OLP), while properly operating a RAYMOND stand-up forklift." They further allege that Lorenzo Sr. "became pinned between the forklift he was operating and a storage rack . . . therein severing his spine and ultimately causing his death." They contend that Lorenzo Sr.'s body was not found by other employees of Toro until the following morning, close to twelve hours after the incident had occurred.

Appellees allege a variety of claims as follows: first, negligence, gross negligence, and premises liability against Toro; second, premises liability against OLP; and third and finally, negligence, strict liability for a manufacturing defect, strict liability for a design defect, strict liability for a marketing defect, breach of express warranty, and breach of an implied warranty, all against Raymond. Relevant to this proceeding, Appellees allege that "Defendant RAYMOND knew, or in the exercise of due care should have known, that the forklift manufactured by RAYMOND [and] utilized by LORENZO RUBIO, SR. in the pursuit of his employment . . . on

_____

[2] On December 10, 2021, the Toro Company removed the case to the U.S. District Court for the Western District of Texas. Based on lack of complete diversity, however, the U.S. District Court for the Western District of Texas granted Appellees' motion for remand on February 25, 2022, and the case was remanded back to the 120th Judicial District Court of El Paso County. *See Rubio v. Toro Co.*, No. EP-21-CV-00304-DCG, 2022 WL 575673, at *5 (W.D. Tex. Feb. 25, 2022).

the night of his death was unreasonably dangerous and defective, and its use would create a foreseeable and unreasonable risk of harm to users, including employees of its customers like LORENZO RUBIO, SR."

On March 4, 2022, Raymond responded by filing an unverified pleading titled, "The Raymond Corporation's Special Appearance," asserting the trial court did not have personal jurisdiction over it, and thus, it should be dismissed from the suit. Collectively, Raymond challenged Appellees' original petition and the citation served upon it by certified mail. First, Raymond asserted the case caption of the petition named a defendant described as "TOYOTA INDUSTRIES COPRORATION A/K/A AND D/B/A THE RAYMOND COPRORATION." Second, it described the citation as being directed solely against "Toyota Industries Corporation." Raymond argued that only Toyota Industries Corporation was made a party defendant, and jurisdiction over it depended on citation being issued and served as required by law.

Shortly after filing its challenge against the process served upon it, Raymond filed an amended pleading titled, "The Raymond Corporation's First Amended and Verified Special Appearance," which included an affidavit of its lead counsel, Francis H. Lococo. By his affidavit, attorney Lococo avers that the Raymond Corporation is a New York corporation with its principal place of business located in Greene, New York, while Toyota Industries Corporation is a Japanese corporation with its business offices located in Japan.

Responding to Raymond's lack of personal jurisdiction claim, Appellees asserted two arguments. First, that Raymond had been properly served at its principal place of business located in New York. And second, because Raymond filed an erroneous special appearance, it nonetheless had generally appeared in the case. In effect, Appellees contended Raymond had presented a motion to quash that was erroneously titled as if it were in fact a special appearance. In short,

Appellees asserted that Raymond's purported special appearance was legally and factually unfounded.

On March 31, 2022, Appellees filed a first amended petition restating all claims as previously asserted by their original pleading. When naming party defendants, however, the amended petition named "the Raymond Corporation" without including any further reference to the company either doing business as or being known as "Toyota Industries Corporation."

On April 7, 2022, the trial court held a hearing on Raymond's purported special appearance. On May 31, 2022, the trial court denied Raymond's special appearance. Within its denial order, the trial court issued findings of fact and conclusions of law. Relevant to this appeal, the court made the following findings of fact:

8. In both the citation and Plaintiffs' Original Petition, Raymond is identified by Plaintiff's as 'TOYOTA INDUSTRIES CORPORATION A/K/A AND D/B/A THE RAYMOND CORPORATION.'

9. Plaintiffs' Original Petition was served via certified mail, return receipt requested, on 'TOYOTA INDUSTRIES CORPORATION' at Raymond's principal place of business located at 22 South Canal Street, Greene, New York.

10. Plaintiffs' Original Petition was accepted by 'THE RAYMOND CORPORATION AUTHORIZED PERSON TOYOTA' on November 29, 2021, at 11:13 a.m. at Raymond's corporate headquarters located at 22 South Canal Street, Greene, New York.

Additionally, the trial court made the following conclusions of law presented in their entirety:

1. Texas Rule of Civil Procedure 120a provides for a special appearance to object to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process by the courts of the State of Texas. Tex. R. Civ. P. 120a.

2. In contrast, where a party alleges a defect in service of process, it is properly challenged through a motion to quash. *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 202 (Tex. 1985).

4

3.  The Raymond Corporation's First Amended and Verified Special Appearance does not allege that it is not amenable to process issued by the courts of the State of Texas.

4.  The Raymond Corporation's 'Special Appearance' complains of a defect in service.

5.  Plaintiffs' citation naming 'TOYOTA INDUSTRIES CORPORATION A/K/A AND D/B/A THE RAYMOND CORPORATION' and accepted by 'THE RAYMOND CORPORATION AUTHORIZED PERSON TOYOTA' by a self-identified Raymond Corporation representative is effective service on The Raymond Corporation.

6.  The Raymond Corporation was afforded due process and was placed on notice of Plaintiffs' asserted claims.

7.  The Court has jurisdiction to hear claims against The Raymond Corporation because it is properly before this Court as a party named in Plaintiffs' Original Petition and Plaintiffs' First Amended Petition.

8.  The Raymond Corporation's 'Special Appearance' is not substantively nor procedurally a 'Special Appearance.'

This interlocutory appeal followed.

## II.  APPLICABLE LAW AND STANDARD OF REVIEW

### A.  Standard of Review

Whether a court has personal jurisdiction over a defendant is a question of law. *Searcy v. Parex Res., Inc.*, 496 S.W.3d 58, 66 (Tex. 2016). Frequently, however, a trial court must resolve questions of fact to reach this question of law. *Am. Type Culture Collection, Inc. v. Coleman*, 83 S.W.3d 801, 806 (Tex. 2002). "On appeal, the trial court's determination to grant or deny a special appearance is subject to *de novo* review, but appellate courts may be called upon to review the trial court's resolution of a factual dispute." *Id.* When a trial court enters an order denying a special appearance and issues findings of fact and conclusions of law, "an appellant may challenge the

fact findings on legal and factual sufficiency grounds." *BMC Software Belgium, N.V. v. Marchand*, 83 S.W.3d 789, 794 (Tex. 2002).

### B.  Applicable Law for Personal Jurisdiction

"The exercise of personal jurisdiction in Texas state courts turns on both federal and state law." *Searcy*, 496 S.W.3d at 66. Courts have personal jurisdiction over a defendant when two criteria are met: "(1) the Texas long arm statute must grant jurisdiction; and (2) the exercise of jurisdiction must comport with federal and state constitutional guarantees of due process." *Id*. Because the Texas long arm statute provides for personal jurisdiction that extends to the limits of the United States Constitution, it is recognized that "federal due process requirements shape the contours of Texas courts' jurisdictional reach." *Id.* "[W]hether a trial court's exercise of jurisdiction is consistent with due process requirements turns on two requirements: (1) the defendant must have established minimum contacts with the forum state; and (2) the assertion of jurisdiction cannot offend traditional notions of fair play and substantial justice. *Id.* (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945). Sufficient minimum contacts exist when the non-resident defendant "purposefully avails itself of the privilege of conducting activities within the forum [s]tate, thus invoking the benefits and protections of its laws." *Hanson v. Denckla*, 357 U.S. 235, 253 (1958). The crux of the purposeful availment analysis is "whether a nonresident defendant's conduct in and connection with Texas are such that it could reasonably anticipate being haled into court here."  *Searcy*, 496 S.W.3d at 67.

### C.  Special Appearance

A special appearance, properly entered, enables a non-resident defendant to object to personal jurisdiction in a Texas court. TEX. R. CIV. P. 120a. "However, a non-resident defendant may be subject to personal jurisdiction in Texas courts if the defendant enters a general

appearance." *Boyd v. Kobierowski*, 283 S.W.3d 19, 21 (Tex. App.—San Antonio 2009, no pet.) (citing TEX R. CIV. P. 120; *Kawasaki Steel Corp. v. Middleton*, 699 S.W.2d 199, 201 (Tex. 1985) (per curiam)).

A general appearance entered before a special appearance waives the special appearance. *Exito Elecs. Co. v. Trejo*, 142 S.W.3d 302, 304–05 (Tex. 2004) (per curiam); *Boyd*, 238 S.W.3d at 21; *Seals v. Upper Trinity Reg'l Water Dist.*, 145 S.W.3d 291, 299 (Tex. App.—Fort Worth 2004, pet. dism'd); *see also* TEX. R. CIV. P. 120a(1) ("Every appearance, prior to judgment, not in compliance with [the special appearance] rule is a general appearance."). A non-resident defendant may enter a general appearance by seeking "the judgment of the court on any question other than the court's jurisdiction . . . ." *Exito*, 142 S.W.3d at 304. Nevertheless, rule 120a "makes matters in the same instrument and subsequent matters subject to the special appearance without an express statement to that effect for each matter." *Dawson-Austin v. Austin*, 968 S.W.2d 319, 322 (Tex. 1998).

Under the rules of civil procedure, a special appearance may be made by any party "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State." TEX. R. CIV. P. 120a. The phrase "'not amenable to process issued by the courts of this state' can only be interpreted to mean that the special appearance is available solely to establish that the Texas Court cannot [] validly obtain jurisdiction over the person or the property of the defendant with regard to the cause of action pled." *Kawasaki Steel Corp.*, 699 S.W.2d at 202; *see also HMS Aviation v. Layale Enterprises, S.A.*, 149 S.W.3d 182, 189 (Tex. App.—Fort Worth 2004, no pet.). "A curable defect in service of process does not affect a non-resident defendant's amenability to service of process." *Kawasaki Steel Corp.*, 699 S.W.2d at 202. Complaints

regarding defective service of process do not defeat a non-resident's amenability to the court's process and thus should be raised by a motion to quash and not by special appearance. *Kawasaki Steel Corp.*, 699 S.W.2d at 203; *see also Vitro Packaging de Mexico, S.A. de C.V. v. Dubiel*, No. 05-17-00258-CV, 2017 WL 6349708, at *3 (Tex. App.—Dallas Dec. 13, 2017, pet. denied) (mem. op.).

## III. ISSUE ON APPEAL

Raymond raises a single issue on appeal. It contends the trial court erred in denying its special appearance objecting to personal jurisdiction on the basis that it was not properly made a party defendant to the suit. Raymond asserts the trial court erred in two ways. First, Raymond attacks the trial court's factual finding that the citation identified Raymond as "TOYOTA INDUSTRIES CORPORATION a/k/a and d/b/a THE RAYMOND CORPORATION." Raymond asserts there is legally and factually insufficient evidence to support the finding because the citation establishes on its face that it was directed solely to "TOYOTA INDUSTRIES CORPORATION," and Raymond is not otherwise mentioned as a party that is directed by the citation to answer the suit. Second, Raymond asserts the trial court erred in its legal conclusion that Raymond's special appearance alleged only defective service of process and not a lack of personal jurisdiction. Raymond argues that a component of personal jurisdiction is whether plaintiffs made an entity a party defendant to the suit. Raymond argues the trial court erred in not considering the facts in the context of whether they establish that Raymond is a named party defendant.

In response, Appellees assert three arguments. First, they assert Raymond failed to properly preserve complaints on the trial court's findings of fact and conclusions of law by failing to request additional or amended findings or conclusions from the court below. Second, Appellees assert

Raymond's complaint on a defect in service constituted a general appearance, waiving its right to bring forth the present interlocutory appeal. Lastly, Appellees assert the citation served on Raymond complied with the rules and effected proper service. Overall, Appellees argue the trial court obtained personal jurisdiction over Raymond and its order denying the special appearance should be affirmed.

We begin our analysis with Appellees' second argument asserting Raymond waived his special appearance by filing (in substance) a motion to quash complaining about the method of the service of process, but not otherwise asserting it lacked amenability to service in the district court. Because we find this argument dispositive of the appeal, we conclude we need not address the parties' other arguments. *See* TEX. R. APP. P. 47.1. (stating court of appeals must hand down a written opinion that is as brief as practicable but that addresses every issue raised *and necessary* to final disposition of the appeal.).

### IV. RULE 120a

Pursuant to Texas Rule of Civil Procedure 120a, a special appearance may be made by any party either in person or by attorney "for the purpose of objecting to the jurisdiction of the court over the person or property of the defendant on the ground that such party or property is not amenable to process issued by the courts of this State." TEX. R. CIV. P. 120a. This rule further warns, however, that "[e]very appearance, prior to judgment, not in compliance with [rule 120a] is a general appearance.'" *See id*.; *see also Exito* 142 S.W.3d at 304. Defining what constitutes a general appearance, the Supreme Court adopted reasoning from this Court as follows:

> A party enters a general appearance whenever it invokes the judgment of the court on any question other than the court's jurisdiction; if a defendant's act recognizes that an action is properly pending or seeks affirmative action from the court, that is a general appearance.

*Dawson-Austin* 968 S.W.2d at 322 (quoting *Moore v. Elektro-Mobil Technik GmbH*, 874 S.W.2d 324, 327 (Tex. App.—El Paso 1994, writ denied).

Applying these principles, we must first examine Raymond's amended pleading titled, "The Raymond Corporation's First Amended and Verified Special Appearance," to determine whether it properly asserted a special appearance in accordance with the requirements of rule 120a. In reviewing a pleading, rule 71 of the Texas Rules of Civil Procedure states: "When a party has mistakenly designated any plea or pleading, the court, if justice so requires, shall treat the plea or pleading as if it had been properly designated." *See* TEX. R. CIV. P. 71. Given this rule, the Supreme Court of Texas has stressed that "courts should acknowledge the substance of the relief sought despite the formal styling of the pleading." *In Interest of J.Z.P.*, 484 S.W.3d 924, 925 (Tex. 2016) (quoting *Ryland Enter., Inc. v. Weatherspoon*, 355 S.W.3d 664, 666 (Tex. 2011) (per curiam)). Moreover, the substance may be determined by what effect it will have on the proceeding if granted. *In re Medina*, No. 13-19-00537-CV, 2019 WL 6906572, at *7 (Tex. App.—Corpus Christi–Edinburg Dec. 18, 2019, orig. proceeding) (mem. op.); *see generally Huynh v. Nguyen*, 180 S.W.3d 608, 616–17 (Tex. App.—Houston [14th Dist.] 2005, no pet.) (construing a "motion to dismiss" as a special appearance "because it seeks dismissal based on lack of personal jurisdiction").

Here, Raymond's first amended special appearance requested dismissal for want of jurisdiction—not on the basis that Raymond was not amenable to service as required by rule 120a, but rather, on the basis that it was not properly made a party defendant to the suit, nor otherwise properly served with process. Raymond argued, "Rule 120a of the Texas Rules of Civil Procedure provides for a special appearance 'for the purpose of objecting to the jurisdiction of the court over the person. . . .'" TEX. R. CIV. P. 120a. In citing rule 120a, however, Raymond failed to include the

remainder of the provision, which specifies that a special appearance's purpose is to object to the jurisdiction of the court "on the ground that such party or property is *not amenable to process* issued by the courts of this State." *Id.* [Emphasis added].

The operative words, "not amenable to process issued by the courts of this state," have been interpreted by the Supreme Court of Texas to mean "the special appearance is available solely to establish that the Texas court cannot, under the federal and state constitutions and the appropriate state statutes, validly obtain jurisdiction over the person or the property of the defendant with regard to the cause of action pled." *Kawasaki Steel Corp.*, 699 S.W.2d at 202. In this regard, the Court further instructs that "[a] curable defect in service of process does not affect a non-resident defendant's amenability to service of process." *Id.* In other words, defective service or defective process are not grounds that support a special appearance, and such complaints should be raised instead by a motion to quash. *Id.* Consequently, a purported special appearance that only challenges the propriety of the service of process, is not in fact a special appearance pursuant to rule 120a. *Id.* Instead, such challenge against service of process is a general appearance seeking affirmative action from the court on a question other than the court's jurisdiction over the party. *Id.*

Accordingly, Raymond's amended pleading, although titled as a special appearance, does not operate nor qualify as a special appearance. As the Supreme Court instructs, defective service of process must be challenged by a motion to quash rather than by a special appearance. *Id.*

Here, however, Raymond argues the trial court "misapplied jurisdictional law to the facts addressed by [it], which could serve a dual purpose—both to determine if a party has been sufficiently served with process, and *whether an entity has even been made a party to the suit in the first instance.*" In support of this point, Raymond relies on the importance of citation being

issued and served on a proper party. *See Amato v. Hernandez*, 981 S.W.2d 947, 950 (Tex. App.—Houston [1st Dist.] 1998, pet. denied) ("Jurisdiction is dependent on citation being issued and served as required by law."). We disagree.

Raymond's cited authority involves a case where a default judgment was entered against a defendant who was not properly served. *See id.* (holding that the trial court had no personal jurisdiction over defendant when defendant was not served in strict compliance with the rules, voiding the order entered against defendant). Here, however, there have been no default judgments entered against Raymond nor other orders issued of such nature. The proper relief for a defect in process is not dismissal of the cause, but rather, more time to answer the suit. *Kawasaki Steel Corp.*, 699 S.W.2d at 202; *see also* TEX. R. CIV. P. 122 (describing the result of a constructive appearance through a successful motion to quash service). Complaining solely of defects in service of process, Raymond's pleading does not challenge its amenability to service or otherwise negate all grounds for personal jurisdiction as were alleged by Appellees' suit.

Because Raymond's verified pleading is not a proper special appearance, we hold its attack on defective service constitutes a general appearance. *See Kawasaki Steel Corp.*, 699 S.W.2d at 202. Moreover, we need not review whether the citation accomplished proper service in this instance because Raymond's general appearance cured any defect that had resulted. *See Caldwell v. Tex. Dep't of Pub. Safety*, No. 03-20-00561-CV, 2021 WL 3376931, at *1 (Tex. App.—Austin Aug. 4, 2021, no pet.) (providing that curable defects in service do not defeat a suit on jurisdictional grounds; rather, by filing a motion to quash, a party effectively makes a general appearance and consents to the trial court's jurisdiction); *Morales v. Morales*, 195 S.W.3d 188, 191 (Tex. App.—San Antonio 2006, pet. denied) ("[A]n appearance to contest lack of service and subsequent participation in the proceedings constitutes a general appearance, making personal service, if

otherwise required, unnecessary."); *see also* TEX. R. CIV. P. 123 (stating that when a judgment is reversed on appeal for want of service, or because of defective service of process, no new citation shall be issued or served, but "the defendant shall be presumed to have entered his appearance").

We overrule Raymond's sole issue and conclude the trial court did not err in denying Raymond's special appearance.

## V.  CONCLUSION

Finding no error, we affirm.


                                                    GINA M. PALAFOX, Justice

October 26, 2022

Before Rodriguez, C.J., Palafox, and Alley, JJ.